By the Court.
None of the objections to" the plaintiff" recovery are tenable.
The answer denied property in the plaintiff, and as he had never been in the actual possession of the goods, he could only establish Ms title by proving a transfer from the former owner. The bill of sale was therefore properly admitted in evidence, although not set forth in the complaint. In an action of this nature, a general averment of ownership in the complaint is sufficient.
The goods, at the time of the sale, were, in judgment of law, in the possession of the defendant, as the agent or bailee of the former owners. Uhlendorf, one of the owners, had requested Mm to retain them for a time, and he had agreed to do so ; the sale, therefore, to the plaintiff, being made by an instru- ( ment in writing, gave Mm an immediate and valid title, with-, out a formal delivery of the possession. From the time of its - execution, the possession of the defendant became that of the; plaintiff.
As it does not appear that before the sale there had been any conversion of the goods by the defendant, or any denial by Mm of the title of the former owners, the sale was not a transfer of a meie right of action but of the goods themselves, and from that time the plaintiff was entitled, as owner, to demand their restoration.
, A demand and refusal were sufficiently proved by the testimony of Mr, HcG-ay, and as the question was submitted to the jury, Were found by them in the verdict which they rendered for the plaintiff. Had not the proof been given, the admission of the defendant, that he had sold the goods, was sufficient to render him liable. As there was iio proof that this sale was made after notice to the plaintiff of whose rights as owner he *327 had full notice, it was plainly wrongful. "Whether the defen« dant had a lien upon the goods for the price of their safe-keeping, it is unnecessary to consider, for, as we understand his testimony, he never demanded a compensation as a matter of right, and if he really meant to insist upon a lien, he was bound to make a positive claim, if not to "state its nature and amount.
The plaintiff is entitled to judgment, with costs.