## SUPREME COURT.

HAVEMEYER and others agt. CUNNINGHAM and others.

A contract (made on the 1st of May, 1856) "for the sale of an invoice of sugar, per Anna Kimball, seven hundred tons more or less, *to arrive on or before the first of August,*" *held,* to be an *absolute sale,* although the vessel did not arrive until after the first of August, and the sugars were in a damaged state.

That is, the contract was for a sale of sugars which then had been shipped, and the addition of the words, to arrive on or before the first of August, did not make it a *condition precedent* to the performance of the contract that the vessel should arrive at that time with the sugars in good order.

There being no warranty that the vessel should arrive with the sugar in a sound condition, what did arrive the plaintiffs were entitled to under their contract; what was lost on the voyage the defendants were not responsible for, and of course were not liable for damages for the non-delivery.

The rule of damages for not delivering the sugar, was the difference between the price to be paid, and the market value on the day of delivery.

*New York General Term, October,* 1861.

CLERKE, INGRAHAM and LEONARD, *Justices.*

By the court, INGRAHAM, Justice. The contract in this case is an executory contract for the sale of an invoice of sugar, per Anna Kimball, seven hundred tons more or less, to arrive on or before the first of August, and sugar to be of current quality, clayed.

This was made on first of May, 1856. The sugar had then been shipped on board of the vessel, and was on its way to this country, but did not arrive until after the first of August. Part of it was damaged on the voyage, and the residue the defendants refused to deliver, upon the ground that the contract was at an end, because the vessel did not arrive within the time specified. Some other questions arose as to the rule of damages in regard to the value of the sugar, and the liability of the defendants for the portion lost.

The terms of this contract, we think, are such as to make the sale absolute. The additional clause, to arrive on or before the first of August did not make the sale condi-

tional, depending on the arrival at that time, but only designated the time before which the defendants could not be called on to deliver. The quality of the sugar, and the place of delivery, were also absolutely specified, and were without condition. There are two classes of cases in which the designation of the time of arrival in such contracts has been held to be a condition precedent to the obligation to perform.

One of these classes is where the contract is to take effect on arrival, &c. The other, where the article sold is not known to be on board of any vessel, but is expected by some vessel to arrive at a particular time. In both classes the contract is held to be conditional, depending on the arrival of the goods at the time stated.

Of the cases referred to by the defendants' counsel, *Russel* agt. *Nichol*, (3 *Wend.*, 172;) *Lovatt* agt. *Hamilton*, (5 *Mees. & W.*, 644;) *Alwyer* agt. *Prior*, (*Ryan & M.*, 406;) *Hawes* agt. *Hamble*, (2 *Camp. R.*, 327, *W.*;) *Boyd* agt. *Sifthin*, (2 *Camp.*, 326;) and *Idle* agt. *Thornton*, (3 *Camp.*, 274,) were all contracts to take effect on arrival of the vessel. In *Lovatt* agt. *Hamilton*, (5 *Mees. & Wel.*, 636,) by the contract the sale was to be void in case of non-arrival.

In *Vanrede* agt. *Weber*, (1 *Hen. & Mun.*, 311,) the contract was for a particular kind of rice, and contained the words "provided the same be shipped for seller's account," and on arrival the vessel had no such rice on board. In *Johnson et al.* agt. *Macdonald*, (9 *Mees. & Wel.*, 600,) the contract was to sell articles to arrive by the Daniel Grant, and on arrival she had no such articles on board, and the defendants were held discharged, PARKE, B., holding the true meaning of the contract to be the arrival of the vessel with the goods on board. The contract in this case is to be distinguished from the case above referred to, in being the sale of an invoice of sugar per Anna Kimball, which had then been shipped and was on its way to this country. The sale was not depending on the con-

dition that the goods should arrive by or before the first of August, but performance could not be demanded before that time.

In *Simonds* agt. *Braddon*, (2 *Com. B. J. Scott, N. S. Rep.*, 324,) the contract was " for the sale of rice per Severn, now on her way," &c., and the court held that to be a contract on the part of the seller that he had put such a cargo on board of that vessel.

So in *Gorisson et al.* agt. *Perrin*, (*id. p.* 700,) a contract " to sell goods now on passage and expected to arrive per vessel," &c., was held to be a warranty that the goods were then on passage. The Ch. J. says : " We are of opinion that the present case is plainly distinguishable from those referred to, by the statement that the goods were on board at the time the contract was entered into. We are of the opinion that this statement amounts to a warranty."

The sale in the present case being of an invoice of sugars shipped on board the Anna Kimball, was for a sale of sugars which then had been shipped, and the addition of the words to arrive on or before a specified time, did not make it a condition precedent to the performance of the contract that the vessel should arrive at that time with the sugars in good order.

The offer by the clerk to take the sugar at another price, after the first of August, was not within the ordinary authority of a clerk, and being disavowed by the formal notice from the plaintiffs on the first of August, the day fixed for its arrival, that they intended to claim the fulfilment of the contract, was not in law an abandonment of the first contract. It might have been a circumstance upon which, with other facts, the defendants could have submitted the question of abandonment to the jury. Having decided to do so, they cannot claim, as matter of law, that such abandonment is proven. .

In regard to the sugar that was destroyed on the voyage, and did not therefore arrive by the vessel, the plaintiffs

were not entitled to damages. They agreed to buy the invoice of sugar which was then shipped. There was no warranty that it should arrive in a sound condition. What did arrive they were entitled to under their contract ; what was lost on the voyage the vendors were not responsible for, and, of course, were not liable for damages for the non-delivery. Having agreed to sell the whole invoice, " more or less," they were only bound to deliver so much as arrived ; and so far as there has been a recovery for sugar which did not arrive, the verdict must be reduced to the sums found in regard to the sugar which arrived here.

The rule of damages for not delivering the sugar was the difference between the price to be paid and the market value on the day of delivery. (*Dana* agt. *Fiedlia*, 1 *E. D. Smith*, 463 ; *S. C.*, 2 *Kern.*, 51.) This rule of damages could not be varied by an offer of the defendants to sell at a price below that value. The plaintiffs had a right to a delivery of the property purchased at the stipulated price, and the defendants could not relieve themselves from the consequences of their refusal to deliver by an offer to sell at a higher price, although less than the subsequent market value. Such an offer, if accepted by the plaintiffs before the time of performance arrived, might have exposed them to the charge of having abandoned the first contract.

In regard to the sugars partially damaged, but which were received at the port of delivery, we can make no alteration in the amount of damages, because there is no proof that the value to the plaintiffs was reduced thereby. They demanded it, and the refusal to deliver was put on the same grounds on which they refused to deliver the sound sugar. We have no evidence to show us that such damage was more than the corresponding rise of the sugar in the market between the time of purchase and the day of delivery, or even as much.

The plaintiffs are entitled to judgment upon the verdict for the damages, as found by the jury, for not delivering all

the sugar which arrived in the vessel, amounting to twenty thousand five hundred and eighty dollars and ninety-eight cents. The interest on this amount, since the verdict, to be adjusted, with costs. (§ 310, *Code.*)

Judgment for plaintiffs on the verdict, to the amount above stated.

LEONARD, J. I concur.