By the Coubt,
McCunn, J.
The action was brought on the following contract:
“ Sold to Messrs. Thomas Fraser Bro. & Co. for acc. of Messrs. Harbeck & Halsey, 3000 Buenos Ayres dry hides, to arrive by vessel, or vessels, within sixty days from date. Hides to average not less than 21-| pounds, at 28-|- cents per lb. cash, usual selection; culls two-third price; hides to be of usual good quality, Palin & Hunt, Brokers.
Hew York, January 30th, 1864.”
The plaintiffs proved that within the sixty days named in the contract, more than 3000 hides, of the weight and description specified, arrived in vessels from Buenos Ayres, and were for sale in open market in Hew York. They also proved their damages, and their readiness to pay for the hides.
The defendants answered, and endeavored to prove that the hides, which arrived within the time specified in the contract, did not arrive to them, and that the contract was, therefore, at an end,
So that the. sole question in the case is, whether the words in the contract “ to arrive by vessel, or vessels, within sixty days from date,” meant to arrive by the defendants’ vessels, or meant to arrive by any vessel, or vessels, in our market.
I am clearly of opinion, that the true construction of the contract wa's, hides to arrive by any vessel, or vessels, and that the court was correct in directing a verdict for the plaintiffs.
The only condition in the contract is, that the hides, of the quantity and description named, should arrive within sixty days. This condition was performed. There is no color for adding the further condition, that the hides which might so arrive, should be consigned to or be the property of the defendants. Such a condition would leave it entirely optional with a vendor whether he would perform or not; if the price declined below the contract price, he would become the owner of *181 the goods so arriving, and tender them under the contract; if they advanced in price, he would let the contract fail.
In a contract for the sale and delivery, in future, of a specified article, identified as being in a particular ship, the words “ to arrive,” or “ on arrival,” have been held to mean, provided the vessel arrive; or provided it arrive within the time fixed; or provided it arrive with goods on board of the quantity and description called ■ for. (Shields v. Pettie, 4 Comst. 122. Johnson v. Macdonald, 9 M. & W. 600.) But in no case has a contract been construed to mean “ provided the vendor be the owner of the goods so arriving.”
In the following cases, the court expressly refused to imply such a condition: Fischel v. Scott, 15 Com. B. 80 E. C. L. Rep. 69. Hale v. Rawson, 4 Com. B. N. S. 93 E. L. C. Rep. 85.
If the defendants, in this case, made with the plaintiffs a reckless contract, that is no reason why they should not be strictly held to the consequences.
The sale in question- was not of a definite identified parcel, but of a quantity deliverable, taken indiscriminately, out of any importation for two months ; and the contract should be construed as an undertaking, on the part of the defendants, that the hides should arrive. Such was held to be the rule of law in the case of Havemeyer v. Cunningham, (35 Barb. 515.)
But even if the case last cited does not fully apply to the facts in this case, there is no reason why we should not read and construe this contract as all other similar contracts should be read and disposed of, by taking a broad and comprehensive view of the facts, and this should be done without any reference to prior adjudications.
The contract herein says, that the plaintiffs bought from the defendants “ hides to arrive by vessel, or vessels, within sixty days from the date thereof.” It does not say in the defendants’ vessels, or to their order, but hides to arrive in vessel, or vessels, meaning, as I hold, to arrive by any vessel, or vessels, to this market. If the contracting parties meant the defendants’ vessels, or to their specific order, they could easily have said so ; and in the absence of their so doing, it is fair and just to' *182 presume they did not mean their own vessels, but meant any hides of the description specified in the contract to arrive within the time limited by any vessel, or vessels. It strikes me, this is the plain common sense view, as well as the correct view in law.
I am clearly of opinion, that judgment should be rendered in favor of the defendants upon the verdict.