WELCH v. MOFFAT *et al.*

*Contract, sale and delivery — deficiency in quantity does not avoid executed sale.*

Plaintiff and defendants made a contract of sale, of which the following memorandum was made : " Bought of S. M. Welch, 340 bales of broom corn, 81,762 lbs., at 10 cents, $8,176.20. The above constitutes my entire stock of corn now held by me, and all upon the fourth floor of my store and sold to them as it is entire. * * * The terms agreed upon are $1,000 cash, remainder their note at four months, the corn to be held by me as collateral for the note and they to pay all my charges for storage, insurance and labor and cartage when delivered. S. M. Welch." " All the foregoing is agreed to by us. Moffat Bros." After the purchase the corn was weighed and the quantity fell short 3,514 lbs.

In an action on the note, *held,* that the contract was an executed one and that the defendants were not relieved from their obligation to pay, on the ground that plaintiff did not deliver the quantity of corn called for.

The parties were mutually mistaken in their estimate of quantity, and the defendants were entitled to a deduction for the quantity not capable of delivery.

ACTION upon a promissory note made by defendants, as copartners, for $7,176.20 payable four months after date. The defense was, 1. That the note was given in part payment for 81,762 pounds of broom corn sold by plaintiff and agreed to be delivered to the defendants, in which agreement the plaintiff had made default; 2. That on this agreement $1,000 had been paid down by defendants, and plaintiff having failed to perform, defendants counterclaimed for that amount.

It was proved at the trial that the contract was for 81,762 pounds at 10 cts. per pound, amounting to $8,176.20 in value; that defendants paid $1,000 cash and gave their note at four months for the balance; that the quantity of corn which the plaintiff had on hand and sold was 3,514 pounds less.

The court before which the action was tried decided that the plaintiff recover the amount of the note, less the contract price for deficiency in quantity, and directed a verdict for $7,119.92. The exceptions of defendant, and the motion for a new trial, were directed to be heard at the general term in the first instance.

*Sherman S. Rogers*, for plaintiff.

The contract being an executed one, defendants had no right to rescind it. *Voorhees* v. *Earl*, 2 Hill, 288; *Cary* v. *Gruman*, 4 id. 625; *Freeman* v. *Clute*, 3 Barb. 425; *Muller* v. *Eno*, 14 N. Y. 597; *Gillespie* v. *Torrance*, 25 id. 310; *Lattin* v. *Davis*, Hill & Denio, 16; *Street* v. *Blay*, 2 Barn. & Ad. 454; *Gompertz* v. *Denton*, 1 Cromp. & W. 207; *Kase* v. *John*, 10 Watts, 107; *Thornton* v. *Wynn*, 12 Wheat. 183.

Even if the contract was executory, it was the duty of the vendees, immediately upon ascertaining the deficiency, to inform the vendor and decline to take the property. They could not lie still until the note became due. Pars. Merc. Law, 56; 2 Pars. on Cont. 279; *Masson* v. *Bovet*, 1 Denio, 69; *Sweetman* v. *Prince*, 26 N. Y. 227; *Cobb* v. *Hatfield*, 46 id. 533; *Healy* v. *Utly*, 1 Cow. 345; *Carroll* v. *Upton*, 3 N. Y. 272; *Hunt* v. *Maybee*, 7 id. 266; *Roth* v. *B. & S. L. R. R. Co.*, 34 id. 553; *Holbrook* v. *Burt*, 22 Pick. 546; *Kingsley* v. *Wallis*, 14 Me. 57; *Bruce* v. *Davenport*, 3 Keyes, 472; *Brinley* v. *Tibbets*, 7 Greenl. 70; *Campbell* v. *Fleming*, 1 Ad. & E. 40.

*John Ganson*, for defendants.

The contract was entire. It provided for a future delivery, and the defendants were entitled to the precise quantity named in it, and were not bound to receive a part. *Russell* v. *Nicoll* 3 Wend. 112; *Champlin* v. *Rowley*, 18 id. 187; *Davenport* v. *Wheeler*, 7 Cow. 231; *Paige* v. *Ott*, 5 Denio, 406; *Williams* v. *Healey*, 3 id. 363; *Lester* v. *Jewett*, 11 N. Y. 453; *Dexter* v. *Norton*, 47 id. 62; *Joyce* v. *Adams*, 8 id. 291; *Dunham* v. *Pettee*, id. 508; *Smith* v. *Brady*, 17 id. 173; *Terry* v. *Wheeler*, 25 id. 525; *Ballard* v. *Burgett*, 40 id. 314; *Reimers* v. *Ridner*, 17 Abb. 292; *Kein*

v. *Tupper*, 42 How. 437; *Godts* v. *Rose*, 17 C. B. 229; *Goodall* v. *Skelton*, 2 H. Black. 316; *Simmons* v. *Swift*, 5 B. & C. 857; *Hanson* v. *Meyer*, 6 East, 614; *Buckmaster* v. *Smith*, 22 Vt. 203. The matters pleaded by the defendant are admissible by way of counterclaim. Code, §§ 149, 150; *Vassar* v. *Livingston*, 13 N. Y. 256.

MULLIN, P. J. This action was brought to recover the amount of a note made by defendants for $7,176.20, payable in four months from date, and delivered to the plaintiff upon a contract entered into by the parties, of which the following is a copy:

" Bought of S. M. Welch 340 Bales of Broom Corn, 81,762 lbs., at 10 cts., $8,176.20.

" The above constitutes my entire stock of corn now held by me, and all upon the fourth floor of my store, and sold to them as it is, entire, and includes my entire purchase. The terms agreed upon are $1,000 cash, remainder in their note at 4 months, the corn to be held by me as collateral for the note, and they to pay all my charges for storage, insurance and labor, and cartage when delivered.

" S. M. WELCH.

" All the following is agreed to by us.

" MOFFAT BROS."

The $1,000 were paid, and note given. Before the note matured the defendants caused the corn to be weighed, and ascertained that the quantity in store was 3,514 pounds less than that mentioned in the contract, of which plaintiff was informed.

Defendants refused to accept the corn, on the ground that the quantity fell short of that stated in the contract. An effort was made by defendants to compromise the matter, but it failed, and this action was then brought.

If the contract was executory, the inability of the plaintiff to deliver the quantity of corn called for by the contract relieved defendants from their obligation to pay.

But it is an executed contract; in other words, if it was a sale *in presenti*, delivery to be made *in futuro*, the title to the corn passed, and defendants are bound to pay.

The sale is, in terms, of the entire stock of corn, estimated at 81,762 pounds; the title is to remain in the plaintiff, as collateral to the note, and they (defendants) are to pay storage, insurance, labor and cartage.

Nothing remains to be done in order to complete the sale. The parties proceed on the assumption that the title has passed to the purchasers, subject to plaintiff's lien for the price. 1 Wait's L. & P. 473 ; *Havemeyer* v. *Cunningham*, 35 Barb. 515 ; *Evans* v. *Harris*, 19 id. 417 ; 2 Duer, 318; *Kimberly* v. *Patchin*, 19 N. Y. 330.

The parties were mutually mistaken in their estimate of quantity, and for that reason the defendants are entitled to a deduction for the quantity not capable of delivery. *Wheadon* v. *Olds*, 20 Wend. 174.

A new trial is denied, and judgment ordered for plaintiff on the verdict.

*Ordered accordingly.*