## SUPREME COURT.

SAFFOLD BERNEY · *et al.* agt. ANTHONY J. DREXEL *et al.*

*Complaint — In action of trover to recover damages for the conversion of personal property, what necessary to be averred — Sufficiency of — No demand for possession necessary and none need be alleged.*

The plaintiffs, who are the widow, two sisters and nephews and nieces of Robert Berney, set up in their complaint that the latter, being domiciled in France, died in Paris in 1874, leaving a will and codicil, which are set forth, whereby it appears that plaintiffs, other than the widow of the testator, are made residuary legatees. The complaint avers also

Berney *et al.* agt. Drexel *et al.*

that by the law of France the personal property of the testator vested immediately upon his decease in the plaintiffs, other than the widow as residuary legatees, subject only to the payment of a particular legacy and the annuities given in the will and codicil; that said will and codicil were admitted to probate in the probate court of Montgomery county, Alabama, to James Berney, brother of testator, by collusion between said brother and Messier de St. James, though the testator was never domiciled in Alabama and had left no property there, and said probate court did not acquire jurisdiction of the subject-matter; that by power of attorney to St. James by James Berney $200,000 of United States bonds which stood in the testator's name were converted into bonds payable to bearer, which were sold to defendants, who converted such bonds to their own use, and that such sale of bonds was not necessary to carry out any of the provisions of the will.  Upon demurrer to the complaint:

*Held*, that the action is simply in trover to recover damages for the conversion of personal property, and that without considering the validity of the probate proceeding, all the essential parts of a declaration in trover have been complied with by defendants; that no demand for the possession of the bonds was necessary, and no demand need be alleged.

*Special Term, June*, 1882.

*Lord, Day & Lord*, for plaintiffs.

*Tracy, Olmstead & Tracy*, for defendants.

MACOMBER, *J.* — This is a demurrer by the defendants to the complaint of the plaintiffs.  Three grounds of demurrer are stated, namely:

*First.* That the plaintiffs have not legal capacity to sue.

*Second.* That there is a defect of parties defendant.

*Third.* That the complaint does not state facts sufficient to constitute a cause of action.

The action is trover for the conversion of bonds of the United States of the value of $200,000.  In such an action the allegation of ownership of personal property in the plaintiffs and the conversion of it by the defendants, coupled with actual damage, constitute a good cause of action.  The only question I shall consider is whether or not there are allegations in the complaint which, separated from other irrelevant

NEW YORK PRACTICE REPORTS.      473

Berney *et al.* agt. Drexel *et al.*

allegations, are sufficient, if undisputed, to enable the plaintiffs to recover.

The plaintiffs base their recovery of damages for the conversion of the bonds upon a title derived from Robert Berney, who, being domiciled in France, died in Paris, November 19, 1874, having theretofore and on November 2, 1864, at Croydon, in England, made his last will and testament, and subsequently and on September 25, 1874, having made a codicil thereto. The will and codicil are set forth in the complaint. By the sixth, tenth and eleventh clauses of the will all the estate of the testator, after providing for two annuities, one of $3,000 to Eliza Ozier and another of 2,000 francs to the Countess de Per Perregent, is given to five trustees for the following purposes: 1st. To pay an annuity of 30,000 francs to his widow, to be reduced to 5,000 in case of her remarriage. 2d. To apply any surplus income, after providing for all annuities (after making good any deficiencies in said annuities for previous years), to creating a contingent fund, to be accumulated for twenty-one years, the annual appropriation to such fund not, however, to exceed 12,500 francs per annum. 3d. To distribute any remaining surplus among the residuary legatees upon the death of the widow. Certain legacies were by the thirteenth and fourteenth clauses of the will given to two nephews, and then the whole residuary estate was to be distributed among the children of the testator's brother, James Berney, and his two sisters, Philippa Seibels and Sophia Hallenguist, who should be living at the testator's death, to be paid to them personally, if of twenty-five years of age, otherwise to their parents or guardians. The codicil made some changes in the provisions of the will. Different trustees were appointed and two legacies were given, one of $50,000 to his brother, James Berney, and another of $20,000 to his sister, Philippa Seibels.

The plaintiffs are the widow of the testator and all the children of James Berney, Philippa Siebels and Sophia Hallenguist, who were living at the time of the testator's decease,

except two children of James Berney (John and James), who have since died intestate and without issue. The complaint also shows that all of the plaintiffs are twenty-five years of age. The complaint avers, further, that by the law of France all the personal property of the testator vested immediately upon his decease in the plaintiffs, other than Louisa Berney, his widow, together with the said John Berney and James Berney, two deceased children of James Berney, as residuary legatees, subject only to the payment of a particular legacy and the annuities given in the will and codicil.

It is also alleged that the shares of the said John Berney and James Berney, Jr., vested immediately upon their decease in their surviving brothers and sisters, who are plaintiffs.

The will and codicil were admitted to probate in the probate court of Montgomery county, state of Alabama, and letters testamentary were issued thereon to the said James Berney, and it is alleged that this was done by collusion between Messier de St. James and James Berney; that the testator had never been domiciled in Alabama and had left no property there, and that the court of probate of Montgomery county did not acquire jurisdiction of the subject-matter.

It further appears that James Berney, acting under such illegal letters testamentary, gave a power of attorney to Messier de St. James, authorizing him to "sell any property belonging to the estate;" that Messier de St. James in turn authorized Cazade, Crooks & Reynand, of the city of New York, to convert certain United States bonds, amounting, at par, to $200,000, which stood in the testator's name, into bonds payable to bearer, and that the said firm thereupon sold and delivered them to the defendants, and that the defendants have converted such bonds to their own use.

It further appears by the complaint that all the particular legacies have been paid, and that such sale of bonds was not necessary to carry out any of the provisions of the will, and that the sale to the defendants was without the knowledge or consent of the widow; contrary to the ninth clause of the

will, which forbade the trustees to vary any of the invest-
ments left by the testator.

From all of these facts, so specifically alleged, together with
the exhibits which are attached to and made a part of the
complaint, it is apparent, as has already been stated, that the
action is simply in trover to recover damages for the conver-
sion of personal property. All other allegations are matters
of evidence, except those which are irrelevant. The analysis
of the complaint, though disclosing much that could properly
be omitted in a common-law action, shows that all the essen-
tial parts of a declaration in trover have been complied with
by the plaintiffs. There is the distinct allegation that, by the
French law, "the title to all the personal property of which
the testator was possessed at the time of his decease, vested
immediately thereafter in the plaintiff," and in those to whose
rights the plaintiffs have succeeded. This is not an allegation
of law; it is an allegation of fact. It is an issue of fact ten-
dered by the plaintiffs to the defendants, and the truth of it
is admitted by the defendants in their demurrer. A general
averment of ownership in the complaint is sufficient (*Heine*
agt. *Anderson*, 2 *Duer*, 318).

The further objection is made by the defendant's counsel
that no demand has been made upon the defendants for the
possession of the bonds. No demand, in my judgment, need
be alleged where there is an allegation of an actual conversion
of personal property. A demand and a refusal may be proper
evidence of a conversion in a case where the original posses-
sion of the defendants was lawful; but where the original
possession was unlawful, the original taking constitutes a con-
version, and no demand is necessary. The allegation "con-
verted to their own use," would, as it seems to me, be proper
and suitable alike in the case of an original wrongful taking
and in a case of wrongful withholding of personal property
(*Pease* agt. *Smith*, 61 *N. Y.*, 477; *Cormier* agt. *Batty*, 9 *J.
& S.*, 70; *Farmers and Traders' Bank* agt. *Farmers and
Mechanics' Bank*, 60 *N. Y.*, 40).

This view of the case renders it quite unnecessary for the court to consider the question so elaborately and learnedly argued by the counsel for the respective parties touching the validity of the letters testamentary issued by the probate court of Montgomery county, Alabama, or the authority of the executor there appointed to execute the power of attorney to others to sell the estate of the testator in the manner set forth in the complaint.

Judgment must be ordered for the plaintiffs upon demurrer, under the terms mentioned in my decision.