cumstances, that may be considered equivalent. For, a mortgagee, who has paid a valuable consideration, and acquired a possession by law, should not be in a worse condition than a disseizor. In this case, no such disa- abilities, or special circumstances, exist ; and the mort- gagee, and those holding under him, have had the posses- sion a much longer period than fifteen years.

## Frost v. Dougal.

### In the Court Below,

DAVID DOUGAL, *Plaintiff;* ELISHA FROST, *Defendant.*

An officer hav- ing an oppor- tunity to levy an execution in his hands on the body or property of the debtor, is lia- ble to the cred- itor, if he neg- lects to levy. A return of *nulla bona* and *non est inventus* is, in such case, a *false* return.

THIS was an action on the case against the defend- ant, as constable of New-Haven, for making a false re- turn of *nulla bona* and *non est inventus* on an execution, in the plaintiff's favour, against *Jonathan Mix.*

There were special pleadings, which terminated in a demurrer. The case, as it appeared from the record, was, that the plaintiff had recovered a judgment against *Jonathan Mix,* and on the 14th of July, 1801, took out execution in common form ; on the 20th, he deliv- ered it to the defendant, to be executed ; on the 3d of August, *Mix* committed an act of bankruptcy ; on the 18th, a commission issued, under which he was, the next day, declared a bankrupt ; and, on the 3d of Sep- tember, the defendant returned the execution as above. It appeared, that immediately after the defendant recei- ved the execution, he saw and conversed with *Mix,* and might have taken him ; and that *Mix* then had property sufficient to satisfy the execution, which the defendant might have taken.

The Superior Court rendered judgment for the plaintiff.

In this Court, the general error was assigned.

*Daggett* and *Mills*, (of New-Haven) for the plaintiff in error, contended, that the officer must have a reasonable time to do his duty ; that by the act and commission of bankruptcy, *Mix* and his property were taken into the custody of the law, before a reasonable time had elapsed, and that he became *civiliter mortuus.* (a)

*Ingersoll* and *Staples*, for the defendant in error, contended, that this act of bankruptcy was not the act of God, but of the debtor ; and that, if an opportunity presents to levy an execution, and the officer neglects to levy, the debtor is thereafter at his risque. They cited *Fish* v. *Aston Miles*, (b) *Dalt. Off. Shff.* 3, *Beckford* v. *Montague*, (c) and *Benton* v. *Sutton.* (d)

BY THE WHOLE COURT,

The judgment was affirmed.

(a) 1 *Burr.* 20, *Cooper* v. *Chitty.* 2 *Burr.* 814, *Coppendale* v. *Bridgen.* 1 *Term Rep.* 475, *Smith* v. *Miller.*

(b) *T. Jones* 40.   (c) 2 *Esp. Rep.* 475.

(d) 1 *Bos. and Pul.* 24.

1803.

FROST
*v.*
DOUGAL.