JOSEPH MARIE FERNANDEZ *v.* JOHN McVITTIE.

Plaintiff having obtained a writ of provisional seizure caused it to be levied on a debt due to defendant by a third person, which the sheriff, without any order of court, released, on the execution of a bond by the defendant, with security, for the restoration of the property, and satisfaction of any judgment which the plaintiff might obtain. The bond was assigned to the plaintiff, but no evidence offered to prove that he accepted the assignment. *Held,* that the release was illegal, and the sheriff responsible to the plaintiff for the amount of the seizure.

APPEAL from the District Court of the First District, *Buchanan,* J. This case was submitted without argument, by *Duvigneaud,* for the plaintiff. No counsel appeared for the appellant.

MARTIN, J. Judgment having been rendered against the defendant, the plaintiff obtained against Hozey, the sheriff of the parish, a rule to show cause why he should not pay to the plaintiff the sum ·of $528 91, which was provisionally seized in the hands of Samory, and released by the sheriff contrary to law ; and the latter is appellant from a judgment making the rule absolute. The facts of the case are these : Samory had employed the defendant as undertaker of a building to be erected for him, and the plaintiff was engaged as a laborer by the defendant in the erection of the building, and obtained a writ of provisional seizure for a sum due by Samory to the defendant, according to their contract, equal to one due by the defendant to the plaintiff for his services as a workman. Civil Code, art. 2744. The sheriff's answer to the rule avers, that he took a legal bond from the defendant, which he assigned to the plaintiff, who made no objection thereto. His return shows that under the writ of provisional seizure, he seized in the hands of Samory $528 91, which was afterwards released on the defendant's giving bond with security.* Defendant has not been able to show, and we are not acquainted with any law under which the sheriff's release can be justified. There is no evidence

---

* The bond was payable to the sheriff, and assigned by the latter to the plaintiff. The condition was, " that the defendant shall not send the property out of the jurisdiction of the court, and that he will faithfully present the same, in case he should be decreed to restore the same to the sheriff or plaintiff, and shall satisfy such judgment as may be rendered in the suit pending," &c.

of the assignment of the bond having been accepted by the plaintiff.

*Judgment affirmed.*