NEW-YORK PRACTICE REPORTS.    **119**

Ransom and others agt. Halcott, Sheriff of Greene Co.

---

## SUPREME COURT.

RANSOM AND OTHERS agt. HALCOTT, Sheriff of Greene Co.

Where a sheriff, to whom an attachment was issued under § 231 of the Code, neglected to levy on sufficient property to satisfy the debt, he was held liable in an action against him for the deficiency, it appearing that the defendant in the attachment had sufficient property to satisfy the demand, and that the sheriff knew it at the time of making the levy.

*Third District General Term, Dec.* 1853. Present, Justices PARKER, WRIGHT, & HARRIS.

This was an action brought to recover damages against the defendant, as sheriff of Greene county, for neglecting to attach sufficient property to satisfy the plaintiffs' demand against one Peter Vandenburgh. On the 5th of April, 1852, an attachment against Vandenburgh in favor of Hoy & Wilson was issued and put in the defendant's hands, on which the

120 NEW-YORK PRACTICE REPORTS.

Ransom and others agt. Halcott, Sheriff of Greene Co.

plaintiffs therein claimed, including costs and expenses, $258,29. By virtue of that attachment, the defendant immediately attached all the personal property of Vandenburgh, which was duly inventoried and appraised by sworn appraisers at $2,330,72. On the 10th of April, 1852, another attachment against Vandenburgh, in favor of Starbuck, was issued to the defendant, on which the plaintiff therein claimed $365,97, under which the defendant levied on the same personal property, which was also inventoried and appraised as under the first attachment. At a later hour of the day on the said 10th day of April, 1852, another attachment against Vandenburgh in favor of Learned & Thatcher was issued to the defendant, on which the plaintiffs claimed $323,35, and under that attachment also, the defendant levied on the same personal property, which was also inventoried and appraised as under the first attachment.

At a still later hour, on the said 10th day of April, 1852, another attachment in favor of these plaintiffs against Vandenburgh was issued to the defendant, in which the plaintiffs claimed $265,17, and under that attachment the defendant levied on the same personal property, which was also inventoried and appraised as aforesaid.

At the time these several attachments were issued, Vandenburgh had real, as well as personal property, and the defendant knew, at the time he made the several levies on the personal property, that Vandenburgh was the owner of such real property.

On the 17th day of April, 1852, a fifth attachment was issued to the defendant against said Vandenburgh in favor of Mallory & Ingalls, on which the plaintiffs therein claimed $768,49, under which the defendant immediately levied on all the real as well as the personal property of Vandenburgh.

Judgments were recovered in the actions in which the first four attachments were issued, and executions were issued under which the defendant sold the personal property so levied on, and applied the proceeds in the order of the several levies; but the avails proved insufficient to satisfy the execution

in the third case, and there was nothing to apply on the plaintiff's execution.

A judgment was also recovered in the action in which the fifth attachment was issued, another execution was issued under which the real estate levied on was sold for $378, and the avails applied under the direction of the court to satisfy the demand of said Mallory & Ingalls.

Before the plaintiffs obtained judgment in their action, other judgments had been recovered and duly docketed by other creditors of Vandenburgh, to an amount much larger than the value of his real property.

Under these circumstances, the plaintiffs claimed to recover from the defendant the damages they had sustained by the neglect of the sheriff to levy on the real property of Vandenburgh under the plaintiffs' attachment. Issue having been joined, the action was tried at the Greene Circuit before Mr. Justice HARRIS, in November, 1853, when a verdict was taken for the plaintiffs for $290,28, subject to the opinion of this court in general term.

LEARNED & WILSON, *for Plaintiffs*.
ADAMS & KING, *for Defendant*.

By the Court—PARKER, P. J. Before the defendant, as sheriff, received the attachment of the plaintiffs, he had received three attachments in favor of other creditors, under which he had levied on all the personal property of Vandenburgh. Though he knew that Vandenburgh had also real property, he did not levy upon it, but levied plaintiffs' attachment only on the same personal property previously levied on. When the fifth attachment reached him, he levied for the first time on the real property, and the avails of his real property were accordingly applied on that demand. A subsequent creditor was thus, by the act of the defendant, preferred to the plaintiffs, who lose their demand in consequence of the neglect of the defendant.

The question presented on these facts is, whether the defendant is responsible for not having levied on enough property

to satisfy the plaintiffs' demand, when the debtor had sufficient property and the defendant knew it.

By the Revised Statutes, the warrant of attachment, in terms, commanded the sheriff to attach all the property, real and personal, of the debtor in his county. (2 *R. S.* 4, § 6, *id.* 459, § 16.) But these proceedings were instituted under the Code, (§ 231,) which requires the sheriff to attach and safely keep all the property of the defendant within his county, or so much thereof as may be sufficient to satisfy the plaintiffs' demand, together with costs and expenses.

Under this attachment the sheriff had a right to levy on all the property of the debtor, and he was bound, I think, at his peril, if he did not levy on all, to levy on enough to satisfy the demand. The form of the attachment is substantially like that of an execution against property, and, I think, it is to be governed by the same rule as to the extent of property levied on. There is the same reason for the rule in both cases. Under an execution, it would not be contended that a sheriff will be excused if he fails to levy on sufficient property to satisfy it. (*Allen on Sheriffs*, 142 ; 18 *Serg. C. R.* 450.) The adequacy of the extent of the levy is to be ascertained by the result of the sale. (1 *Swift's Digest*, 797 ; 8 *Alabama R. N. S.* 625 ; 9 *Alabama N. S.* 83 ; 5 *Pike* 680 ; 1 *Day R.* 128.) In Connecticut, where *mesne* process of attachment has long been in use, it is well settled that if the property taken be insufficient, and the defendant had enough property to pay the debt, the officer will be held personally liable for the deficiency. (1 *Swift's Digest*, 590.)

It can be no excuse to the sheriff that the property was appraised at a sum sufficient to pay all the attachments. The appraisal is not made to enable the sheriff to know on how much to levy, but it is made after the levy, with a view to the sheriff's accountability for the property, and for the protection of an absent defendant. An appraisal was required under the Revised Statutes, where all the property was levied on. The appraisal under the Code is a continuation of the same practice. It is not for the benefit of the plaintiff that an appraisal is

made, and it is no security to him. It is *ex parte* the act of those selected by the ,sheriff, over whom the plaintiff has no influence. Lawson agt. the State, (5 *English* (*Ala.*) *Rep.* 28.)

It is the right of the creditors to have the respective attachments take priority according to the date of their delivery to the sheriff. But by the act of the defendant, the attachment of the plaintiffs was postponed to that of Mallory & Ingalls, which was subsequently issued. When the defendant attached the land under the attachment of Mallory and Ingalls, it seems to me it was clearly his duty to attach it also on all the prior attachments, so as to secure their rightful priority, if the personal estate should prove to be insufficient to satisfy them. Arhems agt. Noland, (2 *J. J. Marsh*, 421.)

Whether the act was intentional or the result of negligence, I think the defendant is bound to compensate the plaintiffs for the injury they have sustained, and that the plaintiffs are entitled to judgment.