[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 414 
The plaintiff appeals from a judgment of the supreme court reversing a judgment for the plaintiff, entered on the report of a referee, and ordering a new trial, and stipulates for final judgment against him in case of affirmance. The action was by the assignee of insolvent debtors, against the sheriff and his deputy (and their indemnitors, the plaintiffs in certain executions in their hands against the insolvent debtors) for seizing and selling certain personal property assigned by the insolvent firm to him; and the question was whether the assignment was fraudulent in fact. The referee held, upon conflicting evidence, that it was not. The supreme court, on appeal, held that it was. This raises the first question for consideration. I think the evidence was sufficient to justify the *Page 415 
finding of the referee, and that such finding could not be legally disturbed by the supreme court. Notwithstanding that court might reverse on a question of fact, such reversal must be consistent with the rules of law. The court, in speaking of certain indicia of fraud, themselves declare the correct rule when they say "they are; however, not conclusive in themselves, but only tend to show a fraudulent design; and if a jury should deem them consistent with the bona fides of the transaction (as the referee doubtless has done), the verdict, as well as this report, could not be disturbed on that ground alone." This rule was applicable to all the questions of fact considered by the court, and should have controlled the result. The court were of opinion that there was not an immediate delivery and an actual and continued change of possession, and that therefore the assignment was fraudulent and void. The court, erred, I think, both on the fact and the law — that is, on the fact, there was sufficient evidence of an actual and continued change of possession and of the consent of the defendants who were plaintiffs in the executions, to the course pursued by the assignee, to put the conclusion of the referee on this disputed question of fact beyond the reach of reversal in the court above; and on the law, it is not correct to say that it is an irreversable and unqualified rule of law that there must be an actual and continued change of possession in order to shield the transaction from the imputation of fraud. Such facts are presumptive evidence of fraud, and conclusive unless rebutted by affirmative evidence of good faith and the absence of an intent to defraud.
The other point on which the court below granted a new trial was for over-ruling the objection made by the defendants to the plaintiff's question whether the assigned property would probably have brought as large a sum of money, if sold by the assignee, if the place had been closed, as by continuing it open. The only objection made *Page 416 
to this question was that it was irrelevant. It plainly was not so, as it tended to show good faith and the absence of a fraudulent intent on the part of the assignee.
The other objections to evidence were also, I think, properly over-ruled. For the purpose of showing that steps were taken by the assignee to sell the assigned property, it was proved that it was advertised for sale in the New York Herald and Brooklyn Eagle. This was objected to as incompetent, and the referee held it so, unless followed up by other competent testimony. To this holding the defendants excepted, but I perceive no legal objection to it. The papers were then introduced in evidence, under the defendants' objection. The point of the objection is not perceived, further than as above stated. Counsel now suggest that there was no evidence that it was so published by the procurement of the assignee; but the objection does not appear to have been put on any such ground; and, moreover, the authority of the assignee for the publication was evidently either sufficiently proved or without objection assumed, at the trial.
It is further said that the referee erred in excluding proof of declarations of the assignors in continued possession of the property, as to their motives in assigning it. I think the exclusion was proper. It was not stated or suggested in the question or the offer that the declarations were made when the assignors were in possession or were admissible on that ground; and as the referee finally arrived at the conclusion that the possession was not in them, but in the assignee, we may fairly conclude that it was for that reason — and it would have been a sufficient one — that the objection was over-ruled.
It is further said that the referee erred in holding that the several judgment creditors, who had directed the sheriff to sell the property, and had indemnified him for so doing, were jointly liable to the plaintiff for such illegal act. I can not discover that this point was made at *Page 417 
the trial, but if it had been, I think it was properly overruled. The illegal act was the trespass — the act of seizing and selling the property. In this act all the defendants were concerned, and for it they were all responsible, as they had all directed or authorized it. (Davis v. Newkirk, 5 Denio, 92; 3 Kern. 584.)
I think the judgment of the referee was erroneously reversed by the supreme court, and that the latter judgment should be reversed, and that of the referee affirmed with costs.
SELDEN, J., also read an opinion in favor of reversal, and all concurred except INGRAHAM and MULLIN, JJ., who were for affirmance, simply on the ground that the general term should have found the existence of fraud. Judgment reversed. *Page 418