MARY A. MUMPER, ADMINISTRATRIX, ETC., OF A. L. MUM-PER, DECEASED, AND OTHERS, APPELLANTS, *v.* BENJAMIN F. RUSHMORE, SHERIFF OF QUEENS COUNTY, RESPONDENT.

*General assignment — when a delivery not essential — effect of, on property levied upon by the sheriff.*

Where a debtor makes a general assignment of an interest in goods not in his possession, or under his control, a delivery to the assignee is not essential to the validity of the assignment.

Where the sheriff has seized the debtor's goods under an execution, the assignment will transfer the debtor's interest therein, subject to the lien of the execution, as against a subsequent attaching creditor.

APPEAL from a judgment in favor of the defendant, entered upon the dismissal of the complaint at the Circuit.

The action was brought to recover damages for a false return to an attachment under the Code, issued to defendant as sheriff, and for a false return to an execution issued to him upon the judgment recovered in the suit in which the attachment was issued. The attachment was issued to him on the 5th February, 1877, at which time he was in possession of all the debtor's property, under a levy made January 8, 1877, on an execution in favor of the Brooklyn Bank, under which a sale of a portion of the property was made February 14, 1877. On February 3, the debtor made a general assignment for the benefit of creditors. The evidence shows there remained a large amount of the debtor's property in the (sheriff's) defendant's hands after the satisfaction of the bank judgment.

*P. S. Crooke*, for the appellants. There was no delivery of the chattels by Peck, the debtor and assignor, to the assignee, the chattels being at that time in the hands of the sheriff, under the levy in favor of the bank. (*Bullis* v. *Montgomery*, 50 N. Y., 550.) The assignment, unaccompanied by a delivery and change of possession, passed no title to the assignee. (2 R. S. [4th ed.], 136, § 5.) The assignee parted with no value and was not a purchaser for a valuable consideration. (*Curtis* v. *Leavitt*, 15 N. Y., 195; *Van Heussen* v. *Radcliff*, 17 id., 580.) The plain-

tiffs, as creditors, attaching property in the possession of the debtor or his bailee, the defendant, as sheriff, acquired a specific lien thereon, and is entitled, like a judgment-creditor, to impeach the colorable title of third persons. (*Frost* v. *Mott*, 34 N. Y., 253; *Rinchey* v. *Stryker*, 26 Howard, 75; S. C., 31 N. Y., 45; *Hall* v. *Stryker*, 27 id., 596.)

*John J. Armstrong*, for the respondent. The defendant, Robert E. Peck, having made an assignment of all of his property for the benefit of his creditors prior to the issuing of the attachment or its receipt by the sheriff, and there being a full compliance with the statute in the making of the inventory and the giving of the bond, there was no property upon which the sheriff could levy the attachment. (*Ireland* v. *Rathbone*, 39 N. Y., 369; *Biovin* v. *Bleakley*, 23 How., 124; see, also, 1 Wend., 92; 22 id., 622; see, also, *Murcoll* v. *Woolworth*, 14 How., 477; *Baker* v. *Kenworth*, 41 N. Y., 215.)

GILBERT, J.:

The nonsuit in this case was clearly right. Before the plaintiff's attachment was issued, the debtor in the attachment had made an assignment of all his property to an assignee upon trust to pay his debts. When this assignment was made, the property assigned was in the custody of the sheriff under a levy under an execution, in favor of another creditor, which had been issued prior to the assignment. The sheriff testified that he levied only upon goods sufficient to satisfy the execution, but we think his acts amounted to a levy upon all the goods. The assignment, therefore, transferred the interest of the assignor in the goods, subject only to the lien of the execution which was first issued, and it was effectual for that purpose. In such a case an actual change of the possession of the assigned property is not necessary. The deed transfers the title as between the parties to it, and the non-change of possession does not render the assignment void, as to the creditors of the assignor, for the reason that by the common law, and the statute in affirmance thereof, it is the retention of possession by the assignor, and not merely the non-delivery to the assignee, that is made the evidence of fraud in the transaction. If the assignment

be of an interest in goods not in the possession of the assignor, or under his control, an actual delivery thereof is not required. (2 R. S., 136, § 5; *Klinck* v. *Kelly*, 63 Barb., 623; *Ball* v. *Loomis*, 29 N. Y., 412,)

The plaintiff had not the right to require the sheriff to enforce the attachment against the assigned property, notwithstanding the assignment, without indemnifying him.

The judgment must be affirmed, with costs.

BARNARD, P. J., concurred, DYKMAN, J., not sitting.

Judgment affirmed, with costs.