Montegut vs. Waggaman et al.

## No. 46.

### PIERRE MONTEGUT v. EUGENE WAGGAMAN et al.

1. Sheriffs and their deputies, as public officers, owe to the community the strictest impartiality, and to favor one litigant at the expense of another, is, upon their part, a violation of duty.
2. Neither sheriff nor deputy sheriff, has the right to undertake to watch over or protect the rights or interests of particular persons to the prejudice of others, in matters connected with or pertaining to their official duties.
3. They cannot, to the detriment of persons demanding their services, make public information coming to their knowledge officially, or by reason, or in consequence of their official character.
4. It is the duty of such officers to strive to render effective the mandates and writs of the courts, whose executive officers they are.
5. They must respond to the exigency of the writs they hold, exercising in connection with each the degree of care and diligence necessary to make it effective.
6. Where a plaintiff shows that his recourse upon property seized under his writ has been lost by the negligence or misconduct of a sheriff, and proves the value thereof, the burden rests upon such officer to justify or legally excuse his conduct.

7. If the value of the property so lost exceeds the amount of the judgment and costs, the aggregate of the latter is the measure of damage.

8. If the value of such property does not equal the amount of the writ, such value becomes itself the measure of the damage.

9. Where, however, the sheriff holds under the writ, after the loss or release of particular property, sufficient to satisfy the claim, and the plaintiff subsequently releases such remaining property, he cannot recover for the preceding negligence or misconduct. It is a case of contribution to his own loss.

10. Presumptions which change the burden of proof cease to have such effect when their own force is broken or materially impaired.

*Appeal from the Fifth District Court. Rogers, Judge.*

*Charles Louque* for plaintiff, appellant.

*T. & J. Ellis* for defendant.

Thomas Gillmore, Esq., attorney at law, sat in this cause as judge *ad hoc*, vice Rogers, judge, recused, having decided the case in the first instance, and concurred in the opinion and decree.

McGLOIN, J.—Defendant, Eugene Waggaman, late civil sheriff of this parish, and his sureties, are sued *in solid.* for damages resulting from alleged malfeasance and neglect upon the part of certain deputies of said sheriff. Plaintiff, as subrogee of a monied judgment, issued execution against his debtor, and directed the sheriff to seize two judgments in his favor, one for $500, against R. H. Woods, and the other for $562, against Edwin Bonnet. These two judgments were specially pointed out for seizure by written order of plaintiff's counsel, delivered to the sheriff with the writ. There seems to have been no difficulty in the matter of the Bonnet judgment, but that against Woods had been some time before assigned to a party named Aufenkolk, but notice of subrogation had not been served upon the defendant. Plaintiff's counsel testifies, and he is not contradicted, that when he delivered his instructions for the seizure of the Woods judgment, the chief deputy in the office of the sheriff, told him that the judgment in question had been transferred, and, so far as he believed, in good faith, and that

he was loth to serve a notice of seizure which would defeat the transfer. This was upon 20th or 21st of the month of August, 1876. At that time there was no notice of the subrogation to Aufenkolk in the hands of the sheriff. It seems, however, that another deputy sheriff had promised the counsel for Aufenkolk to watch over his interest and to let him know if anything should transpire threatening the same. Accordingly, when these instructions were received, this deputy last referred to, notified the counsel of Aufenkolk, and, at his instance, repaired to the clerk's office of the court which had ordered the subrogation and secured a copy of the order for service, and then simultaneously served the notices of seizure and subrogation. Instead of making return of this fact, his certificates recited the service of the subrogation as having been made upon August 22d, which was the true date of both services, and that of the seizure as upon the 23d of August, which was false. It is true, that in his testimony this deputy claims that this was the result of error, but this statement we are not disposed to credit. A litigation arose between the seizing creditor and the subrogee, which, by reason of this false return, resulted in favor of the latter.

The plaintiff, in his petition, complaining of these acts of omission and commission on the part of the sheriff, through his deputies, except that of the false return, which was not known to him until elicited upon the trial of this cause, sues for damages, fixing as the amount of his injury the sum called for by his judgment and writ.

We consider that the facts proven in this case establish against the deputies implicated, and for whom defendant, Waggaman, is responsible, a case of favoritism and misconduct amounting to fraud. Sheriffs and other such public officers are servants of the whole people, and owe to the community the strictest impartiality. To favor one individual at the expense of another is a flagrant violation of duty and a piece of rank injustice.

Especially reprehensible is such conduct upon the part of

those who execute the mandates of the courts, from whom justice and impartiality are pre-eminently expected, and whose process should be pure, in every respect, from inception to final determination.

In this case, the chief deputy had no right to harbor or express any regret, when called upon by plaintiff, to perform a duty pertaining to the office, for to him all persons should stand alike. The other deputy had no right to thus undertake the protection of the interests of any particular litigant. He was guilty of gross wrong when he communicated a fact coming to his knowledge officially, or by reason of his connection with the sheriff's office, from one party to another, to the detriment of the former. Still more flagrantly improper and unjust was it for him, personally, to secure the issuance of other process destructive of that which he was already charged to serve. The false return, whether made intentionally or through negligence, was a fitting climax to the preceding wrongs.

A sheriff must, in all cases, respond to the exigencies of the writ he holds. Where nothing special exists prohibiting it, he may, within reasonable bounds, consult his own convenience. When, however, the circumstances of the case require, he must exercise extraordinary diligence, even though inconvenient or laborious to himself. Here the knowledge that the sheriff possessed of the existence of dormant rights in others, more negligent than plaintiff, was sufficient to impose upon him the duty of using such extraordinary diligence; for his obligation is not simply and alone to execute the orders of the court. He is bound as well to strive to render them effective. In this case, the time consumed by this deputy in notifying the counsel for the subrogee and taking out the rival process should have been devoted to the service of that which he already held.

It is well settled that a transfer, such as the one to Aufenkolk, has no effect as to third persons before the debtor is notified. Until such notice, the judgment was open to plaintiff for seizure, and his superior diligence should not have been unlawfully defeated. We consider this proof as legally sufficient to

establish the fact that plaintiff's recourse upon this judgment was lost by the misconduct of those for whom the sheriff is responsible.

In cases where a plaintiff establishes the omission or wrongful act of a sheriff, whereby recourse is lost upon particular property, and the value thereof is shown, the burden of proof is shifted upon the officer. The damage is presumed to be the amount of the judgment, interest and costs, if the value of the property equals or exceeds their aggregate, and if not, then such value becomes itself the measure of damage. Sedgwick on the Measure of Damages, page 634 (side p. 508) and cases cited in note No. 2; Ib. p. 637; Humphrey v. Hathorne, 24 Barb. 278; Carpenter v. Dooly, 1 Hill, 465; Commonwealth v. Porter, 18 Penn. St. 439; Ransom v. Halcott, 18 Barb. 56. Such is also the doctrine in this State, as appears from Gates v. Bell, 3 La. An. 62; Wilkins v. Bobo, 13 La. An. 430; Davis v. Barham, 10 La. An. 528.

In the following cases, although this rule is not announced, it has been practically applied, in as much as judgments have been rendered against sheriffs and their sureties, upon proof such as is thereby contemplated and held sufficient. Semple v. Buhler, 6 Martin, N. S. 471; Lacy v. Buhler, 8 Martin, N. S. 661; Fernandez v. McVittie, 2 Rob. 239; Magee v. Robbins, 2 La. An. 411; Overton v. Ricord, 2 La. An. 805; Sandidge v. Jones, 2 La. An. 933; Byrne & Co. vs. Anderson, 8 La. An. 139; Lynch & Co. v. Leckie, 9 La. An. 506; Dunlap v. Freret, 10 La. An. 83.

While, however, the general rule is that a plaintiff, showing the wrong done by the sheriff, and the loss thereby of recourse upon particular property, need not prove that defendant has no other property out of which his claim may be satisfied, yet we are forced reluctantly to the conclusion that the case at bar must be excluded from its operation. The seizure in this instance was directed against two separate judgments, either of which were in amount sufficient to satisfy the writ. One of these was properly levied upon, and there is nothing to show

that it was not worth its face. After the laches or misconduct of the sheriff had caused the loss of recourse upon the other, and these facts were known to plaintiff, he voluntarily, and in writing, ordered the release of the seizure upon the one actually reached.

So far as the record goes, there is nothing to explain this course upon his part, or to show that this judgment was unavailable either in whole or for any portion.

We consider this action of plaintiff as in the nature of contributory negligence, and cannot permit him voluntarily to place himself in a way to lose his money, and then demand of the sheriff to make it good. We are not prepared to lay down the doctrine that where a plaintiff has property seized, far exceeding what is necessary to satisfy his claim, and a sheriff either intentionally, with good or bad motives, or through negligence, releases a portion thereof, leaving enough to satisfy the writ, that the plaintiff can release or take what remains out of his hands, and hold him responsible by reason of the preceding wrong. When such a state of facts exists, we consider that, as in other cases of apparent contribution, the burden shifted to plaintiff, who should have shown that what he has done seemingly of a contributory nature was not such in truth.

Furthermore, the sheriff was liable for nothing but actual damage proven or presumed, and where, as in this case, the presumption is impaired and its force broken, it can serve no longer in the stead of positive evidence, and the party must make his proof.

From the nature of this case, as above stated, we consider it one essentially calling for the exercise of that equitable discretion which rests with us, to leave the issues open for further efforts upon the part of plaintiff to right the wrong inflicted, if he can establish that his release of the second judgment in no manner contributed to his loss.

Judgment of nonsuit.