Daniels, J.
The plaintiff is the general assignee for the benefit of creditors of the firm of Henry W. Stehr & Clemens A. Kroger, and he brought this action to recover the value of a stock of goods included in the assignment. At the instance and on the application of the defendant Schriber, an attachment was issued against the property of the assignees on the 17th day of January, 1885, and delivered to the sheriff to be executed. He levied the attachment upon the stock of goods then contained in the store in which the assignors had previously carried on their business.
The plaintiffs in the attachment failed to recover judgment on account of the fact that their action had been commenced before the expiration of the term of credit given upon the sale of the goods. But before the trial of their action and its failure, the plaintiff in the attachment together with the other two defendants, on the 28th of January, 1885, joined in executing a bond of indemnity to the sheriff, *898 which was conditioned that they should ‘ ‘ save, keep and bear him harmless, and indemnify him, and all persons aiding and assisting him, of and from all harm, let, trouble, damage and liability, cost, counsel fees, expenses, suits, actions judgments,' attachments, fines, special proceedings and executions, that shall or may at any time arise, come, accrue or happen, to be brought against him, them or any of them, for or by reason of the levying, attaching and making sale, under and by virtue of such attachment, of all, or any, personal property which he or they shall or may judge to belong to the debtor, or for or by reason of the levying or making sale of any such, or any other personal property, under or by virtue of any execution which may be issued in the action above mentioned, etc.”
Attachments, it was proved by the officer executingthem, had been issued in favor of their creditors of the same firm, and levied upon the stock prior to the issuing of this attachment in favor of Schriber, but they were not all permitted to be read in evidence, and to the ruling excluding the warrants themselves, the plaintiff excepted. And judgments were recovered in several of the actions, and after the execution and delivery of this and another bond of indemnity, in another action, the sheriff removed the property from the store of the debtors, and upon executions issued to him, on judgments recoved by other creditors, he sold the property. The sale was not and could not be made in the action by Schriber against the assignors, for want of a judgment in his favor. And there was no proof that either he himself, or the sureties on this bond of indemnity, interfered in any manner to direct or control the sheriff, or his officers, in the' discharge of their duties under his attachment, or in the removal or disposition of the property. But the plaintiff 'in the attachment, and the sureties in the bond, were held to-be liable by the judge presiding at the trial, for the full, value of the property levied upon by this and the preceding-attachments, in case the assignment to the plaintiff should be found to have been made in good faith, and without any intent to hinder, delay or defraud creditors. And under that ruling a verdict was recovered in favor of plaintiff asassignee, for the sum of $31,869.30, more than double the amount for which this attachment had been issued. An exception was taken to the ruling of the court allowing this-extent of recovery against the defendants. And it manifestly proceeded upon the ground that the attachment had been levied upon the whole of the stock, and the sureties-had made themselves parties to the wrong, by executing this bond, at the instance of the creditor in the attachment, for the protection of the sheriff.
This ruling might very well be supported under the au *899 thority of Davis v. Newkirk (5 Denio, 92), Ball v. Loomis (29 N. Y., 412), and Ford v. Williams (13 N. Y., 584), if "the property had in the first instance been levied upon by the attachment issued in the suit of Schriber, for such a levy would be a taking of the property unlawfully, if in fact it was not subject to the attachment. Copley v. Rose, 2 Com., 115; Roth v. Wells, 29 N. Y., 471, 485. For then the act would result in a wrong, divesting the assignee of the property he became entitled to under the assignment. But that was not the fact, for before the attachment was obtained in the suit of Schriber, it appeared by the proof and offer that other attachments had been sued ■out by other creditors and levied upon, and a keeper placed in charge of this property. The first levy was made on the 5th of January, 1885, and after that, and before this attachment was levied, the other levies which were made, were sufficient, in amount, in case they should he sustained to consume nearly the entire value of the property. Each of these persons proceeded separately, for his or their own benefit, exclusive of the other's. There was no joint levy upon or seizure of the property, but each attachment was levied as it passed into the hands of the sheriff and each consequently took effect upon the property liable to be appropriated to the payment of the ■debts for which the attachments respectively issued, in the order in which the seizures were made. Bansom v. Halcott, 9 How., 119.
The creditors acting in this manner and each for his or their own personal benefit were not joint wrong-doers, but ■each levy and seizure was a separate and distinct act from all the others. And it is only in case of joint wrong-doers, that each one is liable for the full value of the property, which by the wrong may be taken or appropriated. Livingston v. Bishop, 1 Johns., 290; Miller v. Fenton, 11 Paige, 19; Wehle v. Butler, 61 N. Y., 245.
And it was because the act was a joint wrong that the action was sustained against the sureties in the bonds of indemnity, in the other cases which have been cited above. These defendants were not within this principle; each following creditor did no more than to levy upon the property subject to all the preceding levies, which have been made, and these sureties assented to, or approved of no more than that levy.
What was taken away from the plaintiff in this manner by Schriber’s attachment consequently was his right or interest in the property, subject to the preceding effectual levies, from time to time made in favor of the other creditors, and which were followed by the recovery of judgments under which such levies could be and were enforced *900 against the property or its proceeds. ■ It is not true, therefore, that the assignee was divested either of the possession or the right to this property by the action of the defendants. Their conduct affected him no farther than to seize the residue or surplus in the property which would be left and remain after the other seizures of it in favor of the other creditors. And if they were liable in the action at all it was to that, and no greater extent.
It has been supposed that the case of Posthoff v. Bauendahl (43 Hun, 570), followed a different principle; but an examination of the facts of that case and the decision which was made, exhibit this to be a mistake. For it was there held at the trial that the defendants were Hable only to the extent of the proportion that the bond of indemnity given by them bore to the aggregate amount of such bonds, given in all the proceedings. That was held on the appeal to be erroneous, as it might well be, and the judgment, for that reason, was set aside and a new trial directed. To what extent any one creditor, or firm of creditors, would be liable for seizing the property under his or their attachment, was not considered or determined by the court, although the principle which has been mentioned was referred to passingly, that each joint wrong-doer was liable for the full value of the property taken by their joint act. Whether that principle appHed to this case was not there considered, neither was it important that it should be, as the error arising upon the trial did not bring it into prominence. There is no principle of law, or any authority that has been cited or found, which will subject the defendants in this action to the consequences of the seizures made in favor of the other creditors of the same property under attachments previously issued in their own behalf. The cas# of Stone v. Dickinson (5 Allen, 29), in no respect differs in principle from these other authorities, for there the plaintiff was imprisoned under several writs served simultaneously by the officer,, and by virtue whereof he was committed to prison. His arrest and imprisonment thereby became the joint act of all the parties; but this cannot be brought within that decision, inasmuch as the attachments were not only issued separately but levied at different times upon the property.
A very large number of requests were presented to the court for instructions to the jury, many of which were answered as they were presented, but others were refused, to which the defendants excepted. Those relating to the rights of the defendants to defend under the sheriff need not be considered, for the court directed the jury that the plaintiff could only recover in case the assignment to him had been made in good faith, and without intent to defraud *901 creditors. That gave the defendants all the advantages they were entitled to under the law, either as creditors themselves, or availing themselves of the rights of other creditors, under whose process the goods had been seized.
But the court declined to charge the jury that they had the right not to believe the testimony of any party to the action, or who was interested in the event of the action, even ■ although such witness was not contradicted by any express testimony, and to that there was an exception taken by the defendant’s counsel. This- refusal was error; for the jury have the right in case they consider the interest of the witness to be entitled to that effect, to reject, or decline to give credit to the testimony of such witness. Elwood v. W. U. Tel. Co., 45 N. Y., 549, 553, 554; Honegger v. Wettstein, 94 N. Y., 253, 261
The rights of the defendants were not protected as the law required them to be at the trial, and the judgment should be reversed, and the verdict set aside, and a new trial ordered, with costs to abide the result.
Van Brunt, Ch. J.
I concur in the result upon the ground that it was error to refuse to charge as requested, in respect to the credibility of interested witnesses.
Brady, J., concurs