The judgment must be affirmed, with costs. All concur.

---

DELZER *v.* BUFFALO STAR BRICK CO., Limited.

(*Supreme Court, General Term, Fifth Department.* October 21, 1892.)

APPEAL—WEIGHT OF EVIDENCE—REFEREE'S FINDING.

 Where the defense to an action for drilling a well is plaintiff's alleged breach of guaranty to furnish a stream of water of specified dimensions, plaintiff's evidence that the guaranty was simply to reach a living stream, and not as to its dimensions, will support a finding of the referee in his favor, though defendant and several of

his witnesses testify that the guaranty was as to the dimensions; and the referee's finding will not be reversed on appeal, as he had the advantage of seeing and hearing the witnesses.

Appeal from judgment on report of referee.

Action by William Delzer against the Buffalo Star Brick Company, Limited, for services and material in drilling a well. From a judgment in plaintiff's favor, entered in Wyoming county, defendant appeals. Affirmed.

Argued before DWIGHT, P. J., and MACOMBER and LEWIS, JJ.

*Andrews & Hill*, for appellant. *Clarence H. Bean*, for respondent.

LEWIS, J. This action was brought to recover compensation for services and materials furnished by the plaintiff in the drilling of a well for the defendant in the town of Lancaster, N. Y., in pursuance of an oral agreement made by the parties, by the terms of which, as claimed by the plaintiff, the defendant agreed to pay him for drilling the well $1.50 per foot through earth and rock other than flint rock, and $3 per foot through flint rock; that he drilled the well and furnished certain materials by the direction of the defendant; and that defendant was indebted to him therefor in the sum of $163.31. The defendant denied that it owed the plaintiff anything, and alleged that it was engaged in manufacturing brick at Lancaster, and wished to obtain for use in its business a well that would furnish a stream of water one inch and a half in diameter; that the plaintiff applied for the job of boring the well, and represented himself as skilled in locating subterranean water courses by the use of a plum, cherry, peach, or witch-hazel branch; that he represented to defendant that he could not only determine the location of subterranean streams, but that he could ascertain their size and the point where they crossed each other, by the use of a twig, as aforesaid; that he claimed to designate a location near defendant's brickyard where he could by drilling reach the desired stream of living water, and agreed that, if defendant would employ him to drill a well, he would guaranty a well which would furnish the required amount of water, and that in case he failed to furnish such a well he would not charge anything for his labor and materials, and that upon these conditions he was given the contract to drill a well; that he bored a well, but that it was a failure, and did not furnish the agreed amount of water, but was in fact substantially a dry hole. The plaintiff, while admitting that he represented to defendant that with the use of one of the twigs mentioned he could perform all the alleged representations, says that he did locate a large, living subterranean stream, but that, because it was too remote from the brickyard to suit the defendant, he was directed by the defendant to bore at a place where the twig indicated a subterranean stream, but one of smaller dimensions; that he expressed to defendant his doubts of the propriety of putting a well down at that place, and did not warrant success, but by defendant's direction bored for the smaller stream. Plaintiff testified that in his conversation with defendant he did guaranty that he would reach a living stream, but did not agree to reach one of the dimensions testified to by the defendant's witnesses; that nothing was said about a well furnishing an inch and a half stream. The defendant's theory of the bargain was sustained by a number of witnesses, while the plaintiff's contention was supported by his own evidence mainly. The referee adopted the plaintiff's contention. A perusal of the printed evidence leads our minds to the conclusion that the referee's findings are against the weight of the evidence, but there being evidence to support his findings, and he having had the advantage of seeing and hearing the witnesses, his findings, in our judgment, should not be disturbed.

The judgment appealed from should be affirmed. All concur.