SOLOMON v. CONTINENTAL FIRE INS. CO. OF NEW YORK CITY.

(Supreme Court, Appellate Division, First Department. April 7, 1898.)

1. INSURANCE—NOTICE OF LOSS.

A provision in a fire insurance policy that, in case of loss, "immediate notice" shall be given to the company, is satisfied by service of notice without unreasonable delay.

2. SAME—EXCUSE FOR DELAY.

In an action upon a policy of fire insurance calling for immediate notice of loss, it appeared that, while the company had immediate actual notice of the loss in question, no notice was served by the holder of the policy until 53 days after the fire. The policy had been assigned to plaintiff prior to the loss, and he testified that he did not know, and could not ascertain except by the policy, what company he was insured in. The policy was in a safe, which was not removed from the ruins for six days. An examination of the papers then failed to discover the policy, and it was only after about 50 days from the fire that it was found, by chance, slipped between the framework of the pigeon holes and the wall of a vault into which they had been "stuffed." *Held*, that the delay in serving notice was not unreasonable.

3. APPEAL—REVIEW.

Where, upon the trial of an action, the facts found were substantially the same as the general term of the superior court, in reversing upon appeal a judgment dismissing the complaint in a former trial, had held would entitle plaintiff to recover, *held*, that respect for that decision, as well as a proper regard for the rights of the parties litigant, required that the judgment appealed from, in favor of the plaintiff, should be affirmed.

4. SAME—DECISION OF REFEREE.

On a mere question of fact, upon conflicting evidence, the decision of an honest referee who sees the witnesses is better than that of any appellate court.

Barrett, J., dissenting.

Appeal from judgment on report of referee.

Action by George Solomon, as assignee for the benefit of creditors of Henry Thoesen, against the Continental Fire Insurance Company of New York City. From a judgment on the report of a referee, defendant appeals. Affirmed.

Argued before VAN BRUNT, P. J., and BARRETT, PATTERSON, and McLAUGHLIN, JJ.

Michael H. Cardozo, for appellant.

Abram Kling, for respondent.

McLAUGHLIN, J. This action was brought to recover upon a fire insurance policy for a loss which occurred on the 16th day of December, 1893. The policy was originally issued to plaintiff's assignor, but was thereafter transferred, with the consent of the defendant, to this plaintiff. Upon the first trial the complaint was dismissed, but, upon appeal to the general term of the superior court, the judgment was reversed, and a new trial ordered. The second trial resulted in a disagreement of the jury, and the third trial took place before a referee, who made a report in favor of the plaintiff; and, from the judgment entered thereon, this appeal is taken.

The appellant insists that the judgment should be reversed, because the plaintiff did not comply with the terms of the policy by giving notice of the loss of the property destroyed as therein provided. The

policy provided that, if a fire should occur, "the insured" should "give immediate notice of any loss thereby in writing." This notice was not given by the insured until 53 days after the fire occurred. The plaintiff claims, and the referee has in effect found, that, by reason of special circumstances, this delay was excusable and justifiable. If this contention of the plaintiff be correct, and the finding of the referee is sustained by the evidence, then the judgment should be affirmed; otherwise, it should be reversed.

It is settled law of this state that, if a notice of loss provided for under a fire insurance policy is served without unnecessary delay, then the plaintiff is entitled to recover. The word "immediate," used in the policy under consideration, must have a fair and reasonable construction, viewed in the light of all the surrounding circumstances. Bennett v. Insurance Co., 67 N. Y. 274; Griffey v. Insurance Co., 100 N. Y. 417, 3 N. E. 309; Matthews v. Insurance Co., 154 N. Y. 449, 48 N. E. 751. Before proceeding to discuss the reasonableness of the delay on the part of the plaintiff in giving notice of the loss, it may be said that the defendant had actual immediate notice of the loss from its agent, the fire patrol of the city. The defendant therefore had opportunity to seasonably investigate the origin of the fire, and to take precisely the same measures and precautions for its protection that would have been afforded to it had written notice at that time been received from the plaintiff; and, although the written notice provided in the policy would have been practically useless, we do not decide that it was unnecessary. The fact is referred to merely as a reason why the court should not be astute to declare a forfeiture of the moneys fixed by the loss and accruing under the policy. Without, therefore, expressing any opinion as to whether or not such actual notice by the defendant from its agent would relieve the plaintiff from giving the formal notice required by the policy, we are of the opinion that the finding of the learned referee that "defendant received sufficient notice of the loss of the plaintiff within the requirements of the condition of the policy requiring such notice" should not be disturbed; and, if we are correct in this conclusion, then it necessarily follows that the judgment should be affirmed.

The testimony on the part of the plaintiff tended to show that the policy in suit, with others, at the time of the fire, was in a safe on the premises destroyed by fire, and that, on account thereof, plaintiff was unable to find or get the policy for about 50 days thereafter; that during that time he had no knowledge of the names of the companies in which he was insured; and that, as soon as the policy was found and defendant's name and address ascertained, notice of loss in due form was sent to the defendant. For six days after the fire the safe was buried in the ruins of the fire. It was then taken to the manufacturer, and opened. The contents of the safe, consisting of many voluminous and miscellaneous papers, documents, books, bundles of indexes, records, leases, agreements, bills, etc., were put in boxes, placed in a truck, and carried away, and placed in a vault for safe-keeping. It was dark at the time the safe was opened, and it was impossible for plaintiff to find or look for the policy at that time. The fastenings of the different bundles and packages of papers had become

scorched and broken, and the contents disarranged. The next day, plaintiff made search for the policy, but without success. The contents of the safe, when put in the vault, were stuffed into pigeon holes, and laid on shelves. It is apparent that in this way the policy was slipped between the framework of the pigeon holes and the wall behind, and hidden from ordinary observation and search, and was only found by chance, although search was diligently made for it.

The plaintiff testified that he did not know he was insured with the defendant, nor did he know the terms and conditions of the policy until it was found, and that, until the policy was found, he had nothing in his possession containing any information as to the names of the companies in which he was insured. The policy was not originally taken out by the plaintiff, but by his assignor. He also testifies that he called upon the brokers who effected the insurance for information, but did not obtain it. His testimony that he did not obtain the information is contradicted by the brokers. The referee adopted the plaintiff's contention, and his finding in that respect should be upheld. It is conceded that plaintiff sought the information. If he obtained it, no reason or motive is suggested why he should decline to give the notice. The credibility of the witnesses was a matter for the referee, as he had the advantage of seeing and hearing the witnesses testify. On a mere question of fact, upon conflicting evidence, the decision of an honest referee, who sees the witnesses, is better than that of any appellate court. Delzer v. Brick Co. (Sup.) 20 N. Y. Supp. 604; Ball v. Loomis, 29 N. Y. 412. If the plaintiff's contention be true, his delay in giving written notice of loss cannot, as a matter of law, be held to be unreasonable. Carpenter v. Insurance Co., 135 N. Y. 298, 31 N. E. 1015; McNally v. Insurance Co., 137 N. Y. 389, 33 N. E. 475; Matthews v. Insurance Co., 154 N. Y. 449, 48 N. E. 751.

The facts of the case, as shown upon this appeal, are substantially the same as appeared upon the prior appeal to the general term of the superior court. That court held that, if the facts were determined as now found, plaintiff would be entitled to recover. Defendant did not appeal from that decision, but was content to retry the case under that ruling. A trial has been had and conducted pursuant to the views expressed by that court. The orderly administration of justice will be best subserved if that decision be regarded as the law of this case until otherwise decided by the court of last resort. If it be conceded that the doctrine of res adjudicata does not apply, yet respect for that decision, as well as a proper regard for the rights of the parties litigant, requires that the judgment appealed from should be affirmed.

It follows that the judgment should be affirmed, with costs.

VAN BRUNT, P. J., and PATTERSON, J., concur.

BARRETT, J. (dissenting). I am unable to concur in the opinion of Mr. Justice McLAUGHLIN. This certainly is a hard case, and I should be glad to find some fact or principle which would enable me to concur in an affirmance of the judgment. But a bargain is a

bargain; and, where parties have made their own conditions, they should be held to them. Even where the conditions seem to be harsh or useless, they must, when made by sane parties of full age, be enforced. Ætna Ins. Co. v. People's Bank of Greenville, 10 C. C. A. 342, 62 Fed. 222.

The condition in question reads as follows: "If a fire occur, the insured shall give immediate notice of any loss thereby, in writing, to the company." Here notice of loss was given by the plaintiff to the defendant 53 days after the fire. We all agree that it would be absurd to say that that was "immediate" notice. We also agree that, although it was not "immediate," yet it was sufficient if given, under all the circumstances, within a reasonable time. I concede, too, that what, under the circumstances, was a reasonable time, was a question of fact for the learned referee. My brethren eliminate all the testimony given by the defendant on this head, and I am not disposed to differ with them even there; for the learned referee saw the witnesses, and his conclusion as to their credibility should not be lightly disturbed. It is at this point that the lines, as between my brethren and myself, part. I am clearly of the opinion that upon the testimony adduced by the plaintiff, and upon that alone,—disregarding entirely what was adduced by the defendant,—the notice was not given within a reasonable time. The burden was certainly upon the plaintiff of showing substantial fulfillment of the condition; that is, of showing that his delay in giving the notice for 53 days was, under all the circumstances, excusable. No one pretends that he was entirely absolved from fulfillment by the mere circumstance that the defendant had actual notice of the fire. The condition calls for notice of the loss. The defendant had no notice of the loss from any one. They may have believed that the plaintiff's goods were in the building which was destroyed, but there was no certainty upon that head. They had neither knowledge nor notice of the fact. But, even if they had had notice of the loss aliunde, that did not absolve the plaintiff from the fulfillment of the condition. If the law should refuse to enforce such conditions upon the notion that something else was as good as fulfillment, we would soon have an invasion of all conditions, upon a similar plea. Why furnish proofs of loss— would be the next question put to the courts—if the insured can show that the company knew just what the loss was? No. These conditions, whether great or small, are, as was said in the case already cited, founded upon the necessities of business experience in such matters; and they cannot be changed or disregarded in a particular case because they do not seem to the court to be vital.

Was the failure to give the notice, then, upon the plaintiff's own showing, excusable? That depends entirely upon whether he has shown diligence in an attempt to comply with the condition. In my judgment, he has shown no such diligence. There was, as his learned counsel suggests, no reason in the world why he should have been guilty of gross carelessness in such a matter; but the fact remains that he was so guilty. He did absolutely nothing in the direction of fulfillment. When he searched the vault and failed

to find the policies, he simply stopped. He knew that the policies had been transferred from the safe to the vault; and yet, upon his first failure to find them there, he discontinued all further efforts. From that time on, until the policies were accidentally found, he did nothing whatever to discover them. He had it in his power at any moment to ascertain the name of the defendant company, and thereupon to perform the duty which was imposed upon him to give that company notice of the loss. He had only to ask his assignor, Thoesen, or the brokers who had effected the insurance. It was Thoesen, he says, who had charge of the transfer to him (as assignee) of the policies. He had long been an employé of Thoesen; and he had seen the policies in Thoesen's office after he became assignee. After the fire he was examined by the fire marshal, and he admits that, when that official suggested that a list of the policies could be obtained from the insurance brokers, he said, "Very likely." He also admits that he went to the office of these brokers, and saw one of them, named Brunner, when the following conversation took place:

"I [plaintiff] said, 'I have come to see about the insurance you effected for me, or the transfers of insurance from Thoesen which he had.' He said, 'Well, you have to see Mr. Barbour [the other member of the firm].' 'Is he in?' 'He is not in.' That is the last I saw of either Mr. Brunner or Mr. Barbour."

Thus, the plaintiff admits his own deliberate negligence. Why did he not return and see Barbour? He is silent upon that point. Why did he not ask Thoesen? Again he is silent. In fact, he seems to have studiously avoided making either inquiry or search. Things went on in this way until the middle of the last week in January, when he says the policies were found. One would have supposed that, after all the preceding delay, he would then, at least, have been prompt. But his habit of senseless neglect seems to have become inveterate; for the notice of loss was not given immediately upon the discovery of the policies, nor for upward of a week thereafter. It was given on the 6th day of February, although the notice was dated upon the 3d. This shows a delay of at least nine days after the policies were found; and it also shows that, even after the notice was prepared, he kept it undelivered for three days. The fact is he retained the notice until the proofs of loss were complete; and he undoubtedly served both notice and proofs at one and the same time. The proofs were verified on the 6th day of February, the very day when the notice was delivered. In any view of the circumstances, as presented by the plaintiff himself, there was inexcusable delay. To treat such a notice as given within a reasonable time is substantially to cancel the condition, or else to treat it as an idle and unnecessary ceremony.

There was no waiver. The defendants did not, as in Weed v. Insurance Co., 133 N. Y. 394, 31 N. E. 234, "put the assured to the expense of complying with other conditions of the policy upon the assumption that adequate notice had been given." In that case the proofs of loss were received and retained without any objection that proper notice of loss had not been given. The contrary appears in the case at bar. The proofs of loss here were not pre-

pared and served in reliance upon the retention of the notice without objection. They were, in fact, as we have seen, served at or about the same time as the notice; and the defendant objected in due season to the sufficiency of that notice. After objecting to the notice, the defendant retained the proofs of loss, but that constituted no waiver as to the notice. The conditions as to notice and proofs of loss were not interwoven. They were separate and independent. The retention of the proofs of loss was an acknowledgment of compliance with the condition on that head, but it was not an acknowledgment of compliance with the condition as to notice. The latter condition was not complied with, and the defendant explicitly pointed that fact out in its letter of objection.

My conclusion is that the condition as to notice was neither fulfilled nor waived, and that, consequently, the judgment was erroneous, and should be reversed.