JOHN S. HARRIS v. DAVID VAN WART, as Assignee, etc., Appellant, and AARON HEALEY, Respondent.

Where the record on appeal in a case tried by the court contained a paper headed "requests to find," also another paper containing exceptions to assumed refusals of the requests, but there was no "note upon the margin" of the requests as required by the Code of Civil Procedure (§ 1023), or elsewhere, showing how, if at all, the propositions were disposed of, or that the attention of the court had been called to them. *Held*, that said assumed requests could not be considered in determining the appeal.

(Argued May 9, 1884 ; decided May 10, 1884.)

The following is the *mem.* of the opinion in this case:

"The record purports to contain a case, but there is nothing to show that it was ever settled by the judge before whom the issues were tried, or even that it was presented to him. It is not signed by him (Code, § 997). It contains a paper headed 'requests to find,' but there is no 'note upon the margin,' nor elsewhere, showing how, if at all, the propositions were disposed of (Code, § 1023). There is another paper entitled 'refusals to find,' but it contains no refusal, and consists of a series of exceptions as numerous as the requests in the first paper, similarly numbered, and each of which purports to be taken to an assumed refusal. They cannot avail.

"The learned counsel for the appellant calls our attention to a notice contained in the case, dated March 2, 1881, addressed to the attorneys of his co-defendant, to the effect 'that the within is a copy of proposed findings of fact and conclusions of law submitted to the court herein by defendant Van Wart, with a request to find as therein stated, the refusal of the court to find thereon indorsed, and defendants' exceptions thereto,' and argues 'that, if no such refusal had been so indorsed, the statement of such refusal contained in the case would have been sufficient.' No doubt a case might be so drawn and settled by a trial judge as to show without a literal compliance with the provision referred to (Code, § 1023), that his attention had been called to the requests, and that he had acted upon them. There is nothing of that kind here. Moreover the findings of the court appear to have been made and filed on the 17th of January, 1881, many days before the date of the notice. Neither the provisions of the Code, nor the rules and practice of the court in such cases have been followed. They relate to matters of substance, and cannot be disregarded. (*Woodhull* v. *Rosenthal*, 61 N. Y. 391; *Albright* v. *Riker*, 22 Hun, 367; *Gove* v. *Hammond*, 48 How. Pr. 388.)

"The facts found by the court are well sustained by the evidence and the conclusion of law drawn from them was inevitable. They are all so entirely inconsistent with those suggested by the assumed requests of the defendant as to create a decided impression that, if the latter were properly before us, no error

would be found to have been committed in denying them. But as to that we decide nothing. As the case is presented to us no error was committed by the court below, and the judgment appealed from should be affirmed."

*Justus Palmer* for appellant.

*E. P. Wilder* for respondent.

DANFORTH, J., reads for affirmance.
All concur.
Order affirmed.