EDGAR POOL, AS ASSIGNEE OF HENRY C. NICHOLS AND CORA I. NICHOLS, RESPONDENT, *v.* RODMAN B. ELLISON AND WILLIAM P. ELLISON, AS COPARTNERS, ETC., AND OTHERS, APPELLANTS.

*Action against a sheriff, in whose place the sureties upon the bond and the plaintiff in an attachment suit are substituted — original complaint sufficient without amendment — the furnishing of the bond is evidence that the plaintiff directed the levy to be made — evidence of value — fraudulent representations by an assignor — sale of property subsequent to the assignment.*

In an action brought by an assignee for the benefit of creditors to recover the value of certain goods which had come into his possession as such assignee and were subsequently attached and sold by the sheriff, the original defendants in the action, the plaintiffs in the attachment suit, and the sureties upon the bond of indemnity given to the sheriff were substituted as defendants in the sheriff's place.

Upon the trial of the action it was objected that, as against the sureties named in the bond of indemnity, there were no allegations in the complaint sufficient to constitute a cause of action.

*Held,* that as the sureties had made the application to the court to be allowed to take the place of the sheriff, and answer the cause of action alleged in the complaint, that no amendment of the complaint, as originally drawn, was necessary, as the sureties were defending in the place and stead of the sheriff, and answered the cause of action alleged against him.

That the rules governing a case of interpleader had no application, as in this action the plaintiff had only to establish his cause of action against the sheriff.

It was further contended that the complaint should have been dismissed, as against the plaintiffs in the attachment suit, as there was no evidence, further than the fact that they had received the proceeds of the sale of the goods, establishing a direction on their part to the sheriff to make the levy thereon.

*Held,* that the fact that the bond of indemnity had been furnished to the sheriff, with a view to his making the levy, created a presumption that such indemnity was given at the request of the plaintiffs in the attachment suit.

That, by the giving of such an undertaking, they made themselves parties to the trespass and liable for the damage resulting therefrom.

That the amount for which the property sold, when disposed of by the sheriff, under the attachment, was evidence upon which the jury might determine its value.

That representations made by one member of the firm making the assignment at the time of the purchase of the goods in question, in reference to the indebtedness of the firm, could not invalidate the assignment subsequently made, simply because such assignment recognized debts which, at the time that such representations were made, it was stated did not exist.

That evidence that one of the partners had disposed of property in New Jersey, the title to which was in his name but which belonged to the firm, subsequent to the assignment, was competent upon the question as to whether or not the assignment was fraudulent.

*Blain* v. *Pool* (13 N. Y. St. Rep., 571) distinguished.

Appeal by the defendants from a judgment entered, after a trial at a New York Circuit, in the office of the clerk of the county of New York on the 2d day of April, 1888, at which trial a verdict was rendered by direction of the court, in favor of the plaintiff, for the sum of $5,395.13 damages.

*E. P. Wilder*, for the appellants.

*Thomas F. Wentworth*, for the respondent.

Van Brunt, P. J.:

This action was brought by the plaintiff, as assignee for the benefit of creditors, to recover the value of a stock of goods which came into his possession as such assignee, and were, subsequently, attached and sold by the sheriff, who was the original defendant in the action. It appears that the defendants Vietor and Cullen executed and delivered to the sheriff a bond of indemnity, and the attached goods were sold under execution and the proceeds received by the defendants Ellison. At their request the sheriff's indemnitors were substituted in his place as defendants, and directed to answer the complaint herein. The answer of the defendants was a general denial and the affirmative defense that the assignment under which the plaintiff claimed title was fraudulent as against creditors. Upon the trial of the case at circuit before a jury motions were made, upon the part of the defendants, to dismiss the complaint upon various grounds, and requests were made on both sides to direct a verdict;

and the court directed a verdict in favor of the plaintiff, and from the judgment thereupon entered this appeal is taken. Various points have been raised upon this appeal which it will be necessary to discuss briefly. It is urged that the complaint should have been dismissed, as against the defendants Vietor and Cullen, the indemnitors, on the ground that as to them it contained no allegations sufficient to constitute a cause of action. The rules governing the cases of interpleader seem to be relied upon by the counsel for the appellants to sustain this proposition.

This action was originally brought against the sheriff, and the indemnitors made application to the court, under the statute, to take the place of the sheriff and answer the cause of action alleged in the complaint. It does not appear that under those circumstances any amendment of the complaint was necessary, as they were defending in the place and stead of the sheriff, and answering the cause of action alleged against him for which, if established against him, they, the indemnitors, had made themselves liable. The rules governing the cases of interpleader, therefore, do not seem to apply, as in view of the manner in which the action was commenced, the plaintiff only had to establish his cause of action against the sheriff in order to be entitled to a judgment against the indemnitors because of the action which they had taken in intervening in the action against the sheriff. It was not necessary, therefore, to prove any cause of action as against the indemnitor. It was only necessary to prove the cause of action against the sheriff.

It is further urged that the complaint should have been dismissed as against the defendant Ellison, on the ground that the evidence is insufficient to make out any cause of action. It is true that the mere fact that they received the proceeds of the sale, or a portion thereof, in no manner made them liable ; nor was the fact that the execution issued against the defendant's property contained a direction to levy and sell the same, for the purpose of satisfying the execution, sufficient to hold them as authorizing the trespass upon the part of the sheriff. The fact, however, that they indemnified the sheriff against all costs and damages which might result from such levy and sale, it seems to us, was sufficient to make them liable. It is true, it is claimed, that there was no evidence going to show any authority upon the part of the Ellisons for the commission of this

trespass. But where the record itself, in consequence of the action of the indemnitors, shows that an indemnity upon the part of the plaintiffs had been given to the sheriff for the purpose of making this levy, the presumption necessarily arises that such indemnity was given at the request of the defendants Ellison, and that they, by the fact of the giving of such undertaking, made themselves parties to the trespass and liable for the damages arising therefrom.

It is further urged that error was committed in regard to the rule of damages, and that there was no evidence upon which the jury could fix any definite amount upon which their verdict could be predicated or that the damages were excessive. It would appear that the latter objection was well taken. The evidence offered upon the part of the plaintiff, tending to prove value, was exceedingly unsatisfactory, and the witnesses were not shown to be qualified to speak upon that point. There was evidence, however, as to the amount which this property brought when sold by the sheriff, and this was clearly evidence upon which the jury might predicate an estimate of value.

It is finally urged that error was committed in the exclusion of testimony in reference to the fraudulent character of the assignment under which the plaintiff claims. Most of the rulings of the court, in respect to the exclusion of evidence which are criticised by the appellant, were clearly correct.

The representations that one of the members of the firm made, at the time of the purchase of the goods in reference to the indebtedness of the firm, could not invalidate an assignment subsequently made, simply because it recognized indebtedness which at that time it was stated did not exist, such representations having no connection whatever with the assignment. A creditor cannot be deprived of the rights which the law and the statutes give him by any such indirect testimony as this. Fraud must be proved, and cannot be presumed, unless such facts are established by competent evidence that no other inference but that of fraud can be drawn therefrom.

We think, however, that the learned court erred in excluding the testimony as to the New Jersey property; and it is clear that this error arose from the fact that the attention of the court was called to the case of *Blain* v. *Pool* (13 N. Y. St. Rep., 571), which was claimed, upon the part of the plaintiff, to settle all the questions

raised in the case at bar in favor of the plaintiff, and the attention of the court was not called to the fact that there was a very decided difference in the proof as it was presented in the case at bar from that which had been proved in *Blain* v. *Pool* (*supra*). In the absence of any proof in respect to the statutes of New Jersey, all the real estate, whether situate in New York or New Jersey, owned by the parties to the instrument, would pass to the assignee; and in the case of *Blain* v. *Pool* it was held that it did not, simply because, upon proof of the statute of New Jersey, it appeared that such a conveyance in such an assignment was opposed to the policy of that State which controlled the transfers of real estate situated therein.

In the case at bar no evidence was offered of the statute of New Jersey. It did not appear that the statute of New Jersey was in any way different from the statutes of New York, or that the common law had been altered by any statutory regulation in that State, and as a result, as far as the proof in the case at bar was concerned, the assignment would have carried the title to the real estate situate in New Jersey as well as the property situate in New York.

Evidence was offered going to show that one of the parties to this assignment, in whom the title to this real estate in New Jersey stood, after the assignment conveyed it to other parties. And it might well be argued, if this evidence was before the court, that this was a fraudulent action upon the part of one of the assignors in attempting to take out from the action of the assignment this property which had been conveyed thereunder. Whether proof of this fact would have called upon the court to hold that the assignment for that reason was fraudulent and void, it is not necessary to discuss, because it might very well have been that if that proof had been in the case and the same motions at the end of the case had been made as were made, that the direction of the court as it has been made might have been upheld; but it is impossible for us to say whether or not, with that proof before the court, it would have made the same disposition of the case which it did, such proof having been excluded.

It is evident that the court was misled as to the purport of the case of *Blain* v. *Pool* (*supra*), and the learned counsel for the respondent, judging from his points, does not yet seem to have realized the difference between that case and the one at bar, as the facts are now presented upon the record.

We think, for the reasons given, that the judgment must be reversed and a new trial ordered, with costs to appellants to abide the event.

BRADY and DANIELS, JJ., concurred.

Judgment reversed and new trial ordered, with costs to the appellants to abide event.