GOODMAN *v.* GOETZ *et al.*

(*Common Pleas of New York City and County, General Term.* February 2, 1891.)

1. PARTNERSHIP—PARTNER'S POWER TO BIND FIRM—BILL OF SALE.
   A bill of sale of partnership property, made in payment of a firm debt, though made by one partner without the consent of the other, is valid as against other creditors.

2. SHERIFFS—ACTION ON INDEMNITY BOND—PLEADING.
   Where indemnitors of the sheriff are substituted as defendants in an action against him for taking goods, claimed by plaintiff, under execution against another, the admission of the bond of indemnity as evidence against them is not error, although a cause of action against them has not been set out by amended or supplemental complaint; especially where one indemnitor was an original defendant, and the objection to the bond is general.

3. JURY—OBJECTION TO DRAWING—APPEAL.
   An objection for irregularity in drawing a jury is not available on appeal, unless shown by the record to have been made before the jury was drawn.

Appeal from trial term.

Action by Eli M. Goodman against Hugh J. Grant, as sheriff of the city and county of New York, and Helene Figge, August Goetz, and Anna Duch, who, with said Helene Figge, were indemnitors of the sheriff in respect of the levy of execution for which the action was brought, were substituted as defendants in his place. At the trial, the jury found a verdict for plaintiff. A motion by defendants on the judge's minutes for a new trial was denied, and judgment for plaintiff was entered on the verdict. Defendants appeal from the order denying their motion for a new trial. For former report see 11 N. Y. Supp. 951 *mem.*

Argued before ALLEN, P. J., and BISCHOFF and PRYOR, JJ.

*Leopold Leo,* for appellants. *Henry L. Landon,* for respondent.

PER CURIAM. Appeal from an order denying defendants' motion for a new trial. Action for conversion of certain merchandise, claimed by plaintiff under a bill of sale from the firm of Pohlman & Figge, and levied upon by the sheriff under an execution on a judgment confessed in favor of defendant Helene Figge. The record discloses various allegations of error; but, for the most part, they are so manifestly frivolous as not to warrant serious consideration. Perhaps, however, three of the alleged errors may justify a word of comment.

1. Plaintiff's title to the goods was challenged upon the grounds—*First*, that the one partner who executed the bill of sale had no power to do so without the consent of his copartner; and, *secondly*, that the transfer was made with intent to defraud creditors. As to the first ground, it suffices to say that the transfer of the goods to plaintiff was in payment of a firm debt, and that one partner is the authorized agent of the others for settlement of the partnership liabilities, even by transfer of the partnership property. *Van Brunt* v. *Applegate*, 44 N. Y. 544; *Mabbett* v. *White*, 12 N. Y. 443; *Chester* v. *Dickerson*, 54 N. Y. 1; *Graser* v. *Stellwagen*, 25 N. Y. 315. As to the second ground, the only pretense of fraud is founded on an alleged want of possession by the vendee; but the evidence is ample to show an immediate delivery and a continuous possession.

2. The second imputation of error is equally untenable. It was not necessary, by an amended or supplemental complaint, to bring in the indemnitors, or to show a cause of action against them. *Pool* v. *Ellison*, 9 N. Y. Supp. 171. Indeed, the point was not sufficiently presented by appellants' exception to the admission of the bond in evidence; for Helene Figge, one of the indemnitors, was an original defendant with the sheriff, and as to her the bond was competent evidence. But the objection was general in behalf of all the defendants.

3. Another matter urged by the appellants as a ground for reversal of the order has reference to an alleged irregularity in the drawing of the jury. It is sufficient to say, in answer to this, that the presumption is always in favor of regularity; and, to make the objection available, it must affirmatively appear that it was made before the jury was drawn. The record before us fails to show that the objection was thus made, and hence the irregularity, if any, must be deemed to have been waived. The order appealed from should be affirmed, with costs.