## DYETT v. HYMAN et al.

(*Common Pleas of New York City and County, General Term.* April 6, 1891.)

1. WRONGFUL ATTACHMENTS—LIABILITIES ON BONDS.

The plaintiff's property, as assignee, was seized under attachments issued by several different parties, each of whom executed indemnity bonds. *Held*, in an action by the plaintiff upon one of said bonds, that the defendants were liable as trespassers for the whole of the property, and that it was no defense to them that the indemnitors under the other attachments shared in the proceeds of the property.

2. SAME—ACTION ON BOND—EVIDENCE.

In an action by an assignee against indemnitors for goods taken away under an attachment, wherein the *bona fides* of the assignment to plaintiff was attacked, the record of an action by such indemnitors theretofore had against the assignee, in which the assignment was held valid, was properly admitted as evidence for the plaintiff.

Appeal from trial term.

Action by Charles H. Dyett, assignee, against Samuel P Hyman and others, to recover damages for trespass in the taking and carrying away of plaintiff's goods under an attachment. The defense interposed was (1) that there were other attaching and indemnifying creditors who shared in the proceeds of the property taken, and should be required to share in the liability therefor; (2) that the assignment under which the plaintiff claimed was fraudulent and void. There was a judgment for the plaintiff, and the defendants appeal.

Argued before BOOKSTAVER, P. J., and BISCHOFF, Jr., and PRYOR, JJ.

*Blumenstiel & Hirsch*, for appellants. *Dyett & Einstein*, for respondent.

BISCHOFF, J. That the indemnitors upon a bond given to the attaching officer to hold him harmless against the consequences of a wrongful seizure and removal of the property attached are liable as trespassers for the full value of the property taken to the person aggrieved, though there be no other proof of participation in the taking or interference with the property, is a proposition so well established by authority as to admit of no dispute. *Herring* v. *Hoppock*, 15 N. Y. 409; *Davis* v. *Newkirk*, 5 Denio, 92; *Root* v. *Chandler*, 10 Wend. 110; *Wall* v. *Osborn*, 12 Wend. 40; *Lovejoy* v. *Murray*, 3 Wall. 1; *Pool* v. *Ellison*, 9 N. Y. Supp. 171; *Pozzoni* v. *Henderson*, 2 E. D. Smith, 146; *Posthoff* v. *Bauendahl*, 43 Hun, 570; *Posthoff* v. *Schreiber*, 47 Hun, 593; *Ball* v. *Loomis*, 29 N. Y. 412. The persons participating in the com-

mission of the trespass are liable jointly and severally, and the omission to pursue one or more of them can be of no avail to those against whom the liability is sought to be enforced. *Rose* v. *Oliver*, 2 Johns. 365; *Wehle* v. *Butler*, 61 N. Y. 245; 3 Lawson, Rights, Rem. & Pr. p. 1773, § 1044, and cases cited.

It appeared upon the trial that the property for the wrongful seizure of which plaintiff complained was taken under three several attachments issued against the property of plaintiff's assignor, two of which were issued at the instance of the defendant Hyman, and the other at the instance of Louis Stroock and others, and that the defendants Hyman and Morris were two of the indemnitors upon the several bonds given to the sheriff upon such seizure. It also was shown that subsequent to that seizure the same property was levied upon at the instance of other alleged creditors who shared in the proceeds of its sale, and the defendants thereupon contended that the liability of each should be limited to the extent of his participation in the distribution of the avails of the property. The trial justice correctly ruled against the contention. It does not lie in the mouth of a number of joint tort-feasors to say that each should be held liable only to the extent of his profit in the wrong committed, (*Williams* v. *Sheldon*, 10 Wend. 654;) and the subsequent levy under legal process upon the property seized can furnish no defense to the prior wrongful seizure, (*Hanmer* v. *Wilsey*, 17 Wend. 91; *Carpenter* v. *Dresser*, 39 Amer. Rep. 337.) *Posthoff* v. *Schreiber*, 47 Hun, 593, cited by appellants, is not to the contrary. In that case the court ruled that the damage to the party aggrieved was complete when the original seizure was made, and that, therefore, the defendants, who were subsequent attaching creditors, and not joint trespassers with the original takers, could only be held answerable to the extent of the remaining value of the property levied upon under their process. The provisions of the Code of Civil Procedure (sections 1419, 1427) do not impair the right of a person wrongfully deprived of his property under legal process issued against the property of another to prosecute the indemnitors and all others concerned in the seizure as joint trespassers. The provisions referred to undertake no more than to allow the exoneration of the officer acting under legal process by a substitution of the indemnitors as defendants in his place, if the person aggrieved has elected to sue the officer, and their effect should not be extended by implication. *Hein* v. *Davidson*, 96 N. Y. 175; *Hayes* v. *Davidson*, 98 N. Y. 19. There is nothing in the case on appeal before us to indicate that the record of the action of *Hyman & Morris* v. *Dyett et al.* was admitted in evidence on plaintiff's offer as conclusive upon the defendants on the question of the *bona fides* of the assignment. It was not incumbent upon plaintiff to repel the charge of fraudulent intent in the making of the assignment until it had been assailed by the defendants; and the latter were not only not precluded from introducing all evidence offered by them tending to impeach the assignment, but did actually secure the admission of the testimony of several witnesses to that end. The action to set the assignment aside was brought by Hyman and Morris individually, and they were prosecuted in this action in the same capacity. The question litigated in the equity action was whether or not the assignment was made with intent to hinder, delay, cheat, and defraud the creditors of the assignor, and the determination therein adverse to the plaintiffs was certainly admissible against them in this action. Wood, Pr. Ev. pp. 751, 752; *Doty* v. *Brown*, 4 N. Y. 71; *Gardner* v. *Buckbee*, 3 Cow. 120; *White* v. *Coatsworth*, 6 N. Y. 137; *Demarest* v. *Darg*, 32 N. Y. 281; *Cromwell* v. *Sac Co.*, 94 U. S. 351–371, 96 U. S. 51. This appeal being from the judgment only, we can therefore review only the exceptions taken upon the trial; and the omission from the case of the testimony introduced by the defendants to impeach the assignment prevents us from saying that it was sufficient to warrant the submission of the question of the assign-

or's fraudulent intent to the jury. Hence we cannot say that the learned trial justice erred in his direction of a verdict for the plaintiff for the agreed value of the property admitted to have been taken. We can discover no errors in the rulings of the trial justice, and the judgment should be affirmed, with costs. All concur.