## KERNER v. BOARDMAN et al.

*(Common Pleas of New York City and County, General Term.    June 1, 1891.)*

1. TROVER AND CONVERSION—COMPLAINT—RIGHT OF POSSESSION.
    In an action for conversion, an allegation of the complaint that "defendant wrongfully took into his possession property of which the plaintiff was the owner" sufficiently alleges a right of possession in plaintiff; and proof of title will suffice as proof of possession, until the presumption is overcome by contrary evidence.

2. SALE—CHANGE OF POSSESSION—GOODS IN WAREHOUSE.
    Where the purchaser of goods in storage, at the time of payment and the execution of the bill of sale, is given also the warehouse receipt therefor, and then allows the goods to remain in the warehouse, there is such a change of possession as to make the transfer good as against the seller's creditors.

3. SHERIFFS—ACTIONS—SUBSTITUTION OF INDEMNITORS.
    Where the sheriff's indemnitors have been substituted in an action against the sheriff for the wrongful seizure of plaintiff's property, proof of a right to recover against the sheriff will authorize a recovery against the substituted defendants, (indemnitors.)

Appeal from trial term.

Action by Charles W. Kerner against Charles H. Boardman and others, for the conversion of a parcel of teas.   Plaintiff bought the teas of Payne & Storm in good faith and for value paid.   Upon an allegation that Payne & Storm had got the teas from him by fraud, defendant Boardman brought replevin against Johnson, assignee for creditors of Payne & Storm, and under process the sheriff took possession of the teas.   Kerner, plaintiff herein, made affidavit of claim to the teas, pursuant to section 1709 of the Code; and, having been indemnified by Boardman, the sheriff delivered the teas to him.   Kerner sued the sheriff pursuant to section 1710 of the Code, and by order duly entered, under section 1711, the indemnitors were substituted as defendants instead of the sheriff.   There was a judgment for plaintiff, and defendants appeal.

Argued before ALLEN, P. J., and BISCHOFF and PRYOR, JJ.

*Wm. S. Beaman*, for appellants.   *Marbury & Fox*, for respondent.

PRYOR, J.   The validity of the judgment is impugned upon three grounds, but a slight discussion suffices to show that neither objection is tenable.   In the first place, the appellant challenges the sufficiency of the complaint, because it omits to allege a right of possession in the plaintiff.   True it is that, to recover in trover, actual possession or a right of possession is indispensable, (*Clements* v. *Yturria*, 81 N. Y. 290;) but the gist of the action is injury to the property, as in trespass the gist of the action is injury to the possession.   Hence, in trover, an averment of property is necessary; but, as possession is *prima facie* evidence of property, it results that the evidence in the two actions is commonly identical, namely, proof of possession rightful as against the defendant.   And, as the fact of possession imports a right of property, so, conversely, the right of property imports the right of possession.   "The right of property draws to it the right of possession."  2 Greenl. Ev. § 614; 7 Lawson, Rights, Rem. & Pr. § 3664.   In trover, therefore, an allegation of property in the plaintiff involves an allegation of the right of possession; and proof of title suffices as proof of possession, until the presumption is overcome by contrary evidence.   Hence the allegation in the complaint that "the defendant wrongfully took into his possession property of which the plaintiff was the owner," although not artistic in form, is in substantial conformity with the requirement of good pleading.   "It is necessary in an action for conversion that the plaintiff should

show, by his complaint, title to the property alleged to be converted, or his right to the possession thereof. Either of these is sufficient to entitle him to maintain the action." *Berney* v. *Drexel*, 33 Hun, 34, 35; *Dodds* v. *Johnson*, 3 Thomp. & C. 215; *Malcolm* v. *O'Reilly*, 46 N. Y. Super. Ct. 222; *Heine* v. *Anderson*, 2 Duer, 318; *Davis* v. *Morrell*, 16 Wkly. Dig. 530; Baylies, Code Pl. § 30; Moak, Van Sant. Pl. marg. p. 275.

Next, the appellants contend that, as against Boardman, a creditor of Payne & Storm, the vendors, there was not an actual and continued change of possession in favor of Kerner, the vendee. But it appears without contradiction that, simultaneously with the payment and bill of sale for the teas, a warehouse receipt for them, to the order of Kerner, was given to him, and that they so remained on storage until the seizure of them by the sheriff. Obviously and indisputably, here was a sufficient acquisition and retention of possession by Kerner, the plaintiff, to satisfy the statute.

Finally, the indemnitors (appellants) contend that no cause of action was established against them. But a complete right of recovery against the sheriff was shown, and that was enough to authorize a recovery against the indemnitors. *Pool* v. *Ellison*, 9 N. Y. Supp. 171; *Goodman* v. *Goetz*, 13 N. Y. Supp. 267, (general term, common pleas, February, 1891;) *Hess* v. *Hess*, 117 N. Y. 308, 22 N. E. Rep. 956. Judgment affirmed, with costs.

All concur.