FLACK *v.* THAXTER *et al.*

*(Common Pleas of New York City and County, General Term.* February 1, 1892.)

1. LIABILITIES OF INDEMNITORS—JUDGMENT AGAINST SHERIFF FOR CONVERSION.

In an action by a sheriff on an indemnity bond conditioned to secure the sheriff against the demands of third persons claiming certain property levied on under attachment, and to save him harmless from any judgment which such claimants might recover for the value of such property, defendants are precluded by a recovery of judgment against the sheriff for the conversion of the property from setting up any defense, except that of fraudulent collusion, for the purpose of charging the surety.

2. SAME—DIRECTION TO RETURN PROPERTY TO CLAIMANT.

The facts that the sheriff, after a sale of the portion of the property levied on, sufficient to satisfy the attachment, was directed by defendants to return the residue thereof to the claimants, that he failed to do so, and that the property was shortly thereafter destroyed by fire, could not affect his right to recover, and did not make him chargeable with negligence, since the action against him for conversion, brought prior to the sale, was an election on the part of claimants to vest him with title to the property, after which he could not be required to return nor the claimants to receive the property.

14 N. Y. Supp. 366, affirmed.

Appeal from city court, general term.

Action by James A. Flack, late sheriff, etc., against Samuel Thaxter and others. From a judgment for plaintiff, defendants appeal. Affirmed.

Argued before BOOKSTAVER, P. J., and BISCHOFF and PRYOR, JJ.

*Beltz & Large,* for appellants. *David Tim,* for respondent.

BOOKSTAVER, J. Action on a bond of indemnity. In May, 1889, Stickney, Conyngham & Co. began an action in the city court against Henry Steinbrouck, Sr., to recover $200, wherein a warrant of attachment was issued against the property of Steinbrouck, and directed and delivered to the plaintiff, as sheriff, for execution. By the direction of the attaching creditors two levies were made under the warrant on horses, trucks, harness, shovels, etc. This property was claimed by Steinbrouck, Jr., and one Kemler. Notice of the claim was given to the creditors. They requested the plaintiff, as sheriff, to retain and sell the property levied on, and the defendants in this action indemnified him against that claim. On receiving the indemnity bond the sheriff refused to return the property. For these levies and this refusal to return the property the claimants brought two actions in conversion in this court for the two separate levies directed by the creditors, which were subsequently consolidated, and, after trial of the consolidated action, obtained a verdict for the value of the property levied on under the creditors' direction, and for nothing else, as appears by the finding of the jury contained in the judgment roll in that action. This action was brought in the city court to recover from the indemnitors the amount of that judgment and counsel fees in defending the action. The bond sued on was given, among other things, to save the sheriff harmless from just such a judgment as that obtained against him. The judgment was not for any negligence, oppression, or fraudulent act committed by him, nor for any malfeasance or misfeasance in office, but simply for the value of the goods taken by him under the creditors' direction. This would seem to be conclusive of the plaintiff's right to a recovery in this action, and to bring it squarely within *Conner* v. *Reeves,* 103 N. Y. 527, 9 N. E. Rep. 439, where ANDREWS, J., said (page 529, 103 N. Y., and page 440, 9 N. E. Rep.:) "The undertaking was not against damage merely, but was an indemnity against liability by judgment as well. By the general rule of the law a covenant of indemnity against a future judgment, charge, or liability is broken by the recovery of a judgment or the fixing of a charge or liability in the matter to which the covenant relates. When the covenant is one of indemnity against the recovery of a judgment, the cause of action is complete

the moment the judgment is recovered, and an action for damages may be immediately maintained thereon, measured by the amount of the judgment, and this although the judgment has not been paid by the covenantee, and although the covenantor was not a party, or had no notice of the former action. The covenantor in the action on a covenant of general indemnity against judgments is concluded by the judgment recovered against the covenantee from questioning the existence or extent of the covenantee's liability in the action in which it was rendered. The recovery of a judgment is the event against which he covenanted, and it would contravene the manifest intention and purpose of the indemnity to make the right of the covenantee to depend upon the result of the retrial of an issue which, as against the covenantee, had been conclusively determined in the former action; always, however, saving the right, as the law must in every case where the suit is between third persons, to contest the proceedings on the ground of fraudulent collusion, for the purpose of charging the surety." In this case there is no question of fraud or collusion raised, and, indeed, it would have been strange if there had been, for the same attorneys appeared on the trial of that action against the sheriff. who appear for the defendants in this action.

From the case made·it appears that the levy was made about the 17th of May, 1889, and an order was made by the city court on the 22d June, 1889, for the sale of the horses as perishable property on the 28th of that month, which was done, and the sale realized enough to pay the anticipated judgment and costs. The residue of the property remained in a stable, which the de-' fendants, on the trial, conceded was a proper· place for their storage, until they were destroyed by fire in July, 1889, which occurred through no negligence on the part of the plaintiff. But appellants contend that after the sale of the horses, when it was ascertained that enough had been realized to sat-. isfy any judgment which might be recovered in the action in which the attachment was issued, the plaintiff was guilty of some negligence in not 'making a disposition of the remainder of the property, so that he ought not to recover for that which was lost by the fire. What this negligence consisted in they do not point out with clearness. They. claim, among other things, that he ought to have returned the property to the claimants, as directed by them. But some two or three weeks before the sale of the horses the claimants had commenced two actions against him for the conversion of this very property. By the commencement of such actions against the sheriff the claimants relinquished all title and ownership to the goods in ·question, and vested the same in the sheriff, and it thereby became his property. This was the manifest intention of the indemnitors when they executed and delivered the bond of indemnity to him. He was not bound to return the goods to the claimant·thereafter, even if requested so to do by the indemnitor. There is considerable dispute in the case whether there was any attempt made on the part of the sheriff to carry out the direction of the plaintiff's attorney in this respect, but we do not think that·is material, as it is clear that the tender of the goods to the claimants would have effected nothing, unless they had been willing to receive them. *Dyett* v. *Hyman*, (Com. Pl. N. Y.) 13 N. Y. Supp. 895, and cases there cited. Now, as the event turned out, the indemnitors were as much wrong-doers as the sheriff in directing the levies in question, as the property levied upon turned out not to be the attachment debtor's property. It was therefore as much their duty as the sheriff's to mitigate the damages arising from the levy. In fact, it was more. He had only obeyed their instruction in the matter. Had his judgment as to the sufficiency of the first levy been acquiesced in by the creditors, there probably would have been not more property levied on than sufficient to satisfy the anticipated judgment and costs. That there was an excess of goods in his hands was occasioned by the direction of the creditors to make a further levy, and for this they made themselves responsible; and we think they ought to have taken

such steps as they might have been advised in order to lessen the damages as much as possible in the event of a recovery by the claimants in the actions instituted by them.   There is no evidence in the case that they gave any other directions to the plaintiff than to return the goods.   There is no evidence that they negotiated with the claimants for this return.   There is no evidence that the claimants would have accepted the goods if tendered to them in due form. Merely because the sheriff was a public officer imposed no duty in this respect upon him which was not equally incumbent upon them.   They cannot complain of his negligence if they themselves were guilty of the same negligence. The cases cited by the appellants to show that indemnitors are not responsible for every act of the sheriff, do not support their contention in this case. *Witowski* v. *Brennan*, 41 N. Y. Super. Ct. 284, was an action brought for damages in the removal of goods, and for taking away and not returning the merchandise levied on; in other words, for malfeasance in office.   In *O'Donohue* v. *Simmons*, 31 Hun, 267, it was held that the trial court erred in not submitting to the jury the question as to whether or not the judgment against the sheriff was not recovered in part for his unlawful oppression or illegal acts not covered by the execution of the bond of indemnity; the charge in that case being that the sheriff has been guilty of malfeasance and misfeasance in office. In *Bowe* v. *Wilkins*, 105 N. Y. 322, 11 N. E. Rep. 839, the sheriff levied upon property under an attachment which was thereafter vacated, and the sheriff, without the knowledge or assent of the obligors, refused to surrender the property on demand, and subsequently sold it upon an execution in violation of his duty.   In *Clark* v. *Woodruff*, 83 N. Y. 518, the sheriff levied on goods after a bond of indemnity was executed, and endeavored to have the bond cover those goods, which, of course, it could not.   This case differs from those in that the bond given by the defendant was to protect the sheriff, and save him harmless against any judgment that might be obtained against him for the detention of the goods against the demand of the claimants.   In the performance of this duty, as far as we see, he committed no oppressive or illegal act, and was not guilty of misconduct not covered by the bond.   We do not understand that the appellants contend that the sheriff was guilty of any negligence in regard to the loss of goods by fire.   If they do so, we think such contention could not prevail, as he was bound to exercise only ordinary diligence in taking care of property levied on, such as every person of common prudence capable of governing a family takes of his own concerns. *Moore* v. *Westervelt*, 27 N. Y. 234; *Browning* v. *Hanford*, 5 Hill, 588.   It has been held that a sheriff is not an insurer of goods which he has seized under execution, and that his general liability is the same as that of a bailee for hire.   See, also, *Jenner* v. *Joliffe*, 6 Johns. 9.

It is contended on the part of the appellants that the counsel fees allowed by the jury were excessive, because the plaintiff was guilty of some negligence in not consolidating the two actions sooner.   But the evidence was all before the jury, and the amount which they found we think is consistent with the testimony, and conclusive upon us upon this appeal.   These views lead us to the conclusion that there was no error committed by the court below, either in directing the jury to find the amount of the judgment entered in this court against the sheriff, or in its refusal to submit the question of negligence to the jury, or in its refusal to direct them to deduct the value of the goods lost in the fire from that judgment, and that the judgment should be affirmed, with costs.   All concur.