JAMES H. PHELPS, Respondent, *v.* WILLIAM H. DELMORE, Appellant.

*Agreement to work a farm for one year — ownership of an unharvested crop — attachment — plaintiff liable for conversion — requests to find, not acted on.*

Phelps, the owner of a farm, and one Owens, entered into an agreement to the effect, as was found, among other things, that Owens should work and carry on the farm for one year from March first; that the produce should be divided equally at the end of the year, and that each should furnish one-half the seed. Under this agreement Owens worked the farm until about the middle of August, when he absconded, leaving wheat and oats thereon partially unharvested; a third party thereafter sued out an attachment against Owens' property, and caused a levy to be made upon all the wheat and oats, in the straw, and sold the same thereunder.

*Held,* that the effect of the agreement was to make Phelps the owner of an undivided half of the wheat and oats, and that he was, therefore, entitled to maintain an action for the conversion of that one-half, against the plaintiff in the attachment.

One who sues out an attachment, indemnifies the officer who executes it, and procures the property of a person other than the defendant in the attachment to be levied upon and sold thereunder, renders himself liable to an action for conversion.

No question for review on appeal is presented upon alleged refusals of a referee to find certain requests, where the record contains a paper headed "requests to find," but does not show any action by the referee thereon.

APPEAL by the defendant, William H. Delmore, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of Jefferson county on the 25th day of March, 1889, upon the report of a referee.

Action for the conversion of a quantity of wheat and oats, in the straw, raised by one Owens upon the farm of plaintiff in the year 1886; also of a half interest in two milk wagons and some other chattels; also of a third interest in a quantity of oats, in the straw, raised upon the farm of one Pierce. The defendant claimed under an attachment and execution in his favor against Owens. The referee decided that the plaintiff was the owner of a half interest in the wheat and oats raised upon his farm, and of a third interest in the oats raised on the Pierce farm, and ordered judgment against defendant for the value of such interests.

*Kilby & Kellogg,* for the appellant.

*H. C. Cook* and *John Lansing,* for the respondent.

MERWIN, J. :

The main controversy here is over the ownership of the wheat and oats raised upon the farm of plaintiff in the year 1886. The farm consisted of about 220 acres and had thereon about forty cows, together with farming tools and teams. On March 1, 1885, the plaintiff and Owens entered into a written agreement to the effect, among other things, that Owens should work and carry on the farm for one year from that date, and the produce of the dairy for the term should be divided in the proportion of three-fifths thereof to plaintiff and two-fifths to Owens; that the produce of the farm should be divided equally at the end of the year, and each should furnish one-half the seed; that the hay raised on the farm should be fed to the stock, and if there should be a surplus the same should be left on the farm, and if a deficiency it should be supplied by the plaintiff. Owens went into possession and carried on the farm under the agreement until March 1, 1886. In February, 1886, the plaintiff and Owens entered verbally into another agreement to

the effect, as the referee finds, that Owens should carry on the farm for one year, commencing March 1, 1886, under the same agreement as in 1885, except that Owens was to pay plaintiff for his said three-fifths interest in the produce of the dairy $700, in twelve equal monthly installments. Under this agreement Owens worked the farm until about August 17, 1886, when he absconded, leaving the wheat and oats partially unharvested. Under the finding of the referee as to the character of the agreement for 1886, it would follow that the plaintiff was the owner of an undivided half of the wheat and oats. (*Reynolds* v. *Reynolds*, 48 Hun, 144.) It is, however, claimed by the defendant that the finding of the referee is not sustained by the evidence ; that the agreement was simply that Owens should pay $700 for the rent of the farm for the year, and that under this Owens became the entire owner of the crops. There was, however, direct evidence in substance that the agreement was as found by the referee. There was other evidence from which a different conclusion might have been reached. It was for the referee to consider and pass upon the whole, and his conclusion should not, I think, be disturbed. Under the attachment procured by defendant against Owens, the whole of the wheat and oats was sold as the property of Owens. This was by the procurement of the defendant, and he indemnified the officer for so doing. The defendant cannot, therefore, complain if he is charged as having converted the one-half belonging to plaintiff. (*Pool* v. *Ellison*, 56 Hun, 108.)

As to the oats raised upon the Pierce place, there seems to be no particular question as to the right of the plaintiff to one-third thereof. It was not error to exclude evidence of what happened to some portion of the oats the year after the sale under defendant's attachment.

The defendant claims that the referee erred in refusing to find certain requests. The record before us does not show any such refusal, or that the referee acted thereon at all. There is a paper headed " defendant's requests to find," but there is nothing indicating what action, if any, the referee took in regard to the requests referred to. In such a case there is nothing reviewable, according to the rule laid down in *Harris* v. *Van Wart* (96 N. Y. 642); *McCulloch* v. *Dobson* (133 id. 114). Assuming, however, that the

referee refused to find the requests, it is not made to appear that any error was committed that would affect the judgment.

The defendant further claims that the referee erred in allowing the plaintiff to amend his bill of items. The case, however, does not show any bill of items. Proof of the matters concerning which an amendment was allowed was admissible under the complaint.

Our attention is called to some exceptions to rulings upon evidence, but we find no error that calls for a reversal.

It follows that the judgment should be affirmed.

HARDIN, P. J., and MARTIN, J., concurred.

Judgment affirmed, with costs.